THE STATE OF OHIO, APPELLEE, *v.* RAY, APPELLANT.

(No. 446—Decided January 8, 1956.)

*Mr. William J. Jones,* for appellee.

*Mr. C. William O'Neill,* attorney general, and *Mr. S. Noel Melvin,* for appellant.

COLLIER, J. This is an appeal on questions of law from a judgment of the Municipal Court of Chillicothe, Ross County, Ohio, in which the defendant, Henry Ray, was found guilty by the court on a charge of assault and battery, and sentence was pronounced against him.

The assignments of error present two questions of law to be determined. The prosecuting witness, James Quinn, who filed the affidavit against the defendant charging him with assault and battery, was represented at the hearing in the lower court by private counsel, William J. Jones, who, upon inquiry when the trial opened, admitted that he was not affiliated with the city solicitor's office in any manner.

Defendant, appellant herein, contends that the state, in the prosecution of a criminal case in a Municipal Court, may be represented only by the city solicitor of the municipal corporation; and that an individual who files an affidavit, charging a person with a criminal offense in such court, may not be represented in such proceeding by private counsel. This assignment of error presents a novel question. No supporting authorities

are cited, and we have been unable to find any case on the subject. At common law, criminal prosecutions were generally carried on by individuals interested in the punishment of the accused, and not by the public. The private prosecutor employed his own counsel, had the indictment founded and the case laid before the grand jury, and took charge of the trial before the petit jury. 42 American Jurisprudence, 241, Section 10. This method of procedure in criminal cases has not been followed in its entirety in any jurisdiction in the United States but, on the contrary, officers are appointed or elected for the purpose of managing criminal business. However, it is common knowledge that the common-law practice still prevails, to some extent at least, in inferior courts.

We know of no statutory or constitutional reason for prohibiting such practice and, in our opinion, it is well and wise that the policy of the law permits the appearance of private counsel, especially in courts with limited jurisdiction. Both the public and individual litigants in such courts are sure to be mutually benefited by the services rendered by private counsel, and, if such counsel is not guilty of conduct which prevents the litigants from having a fair trial, the defendant would have no right to complain. The defendant in the instant case makes no complaint as to the conduct of the attorney appearing on behalf of the complaining witness, and, even if we held such appearance by private counsel to be improper, unless the defendant was prevented from having a fair trial, the error would not be prejudicial.

The other error claimed by the defendant is that the evidence is insufficient to establish his guilt beyond a reasonable doubt. The evidence discloses that the defendant is an investigator in the Ohio Department of Liquor Control; that on Sunday, June 26, 1955, in the performance of his duty as such investigator and in company with three other inspectors of the Department, he made an inspection of a grocery store in Chillicothe in respect to a violation of selling intoxicating liquors on Sunday; and that while these officers were in the store, which was operated by the father of the complaining witness, it became necessary to examine the liquor license which was hanging on the wall about ten feet from the floor. The complaining witness stated that his father requested him to climb on a case,

also referred to as a ''cooler,'' to procure the license; and that when he was on the case the defendant grasped him by the arm and forcibly pulled him to the floor, thereby inflicting minor injuries to his arm, ankle and chest, for which he received medical attention. The testimony of the complaining witness was corroborated by a number of witnesses, including his father, his sister and three apparently disinterested witnesses who were customers in the store.

The testimony of the investigating officers was in direct conflict with that of the witnesses on behalf of the state, and to the effect that the defendant did not touch the complaining witness but that the complaining witness jumped from the case and struck one of the officers with his fist and had to be restrained in his assault upon the officers.

The testimony was in such direct conflict as to what actually occurred that it is practically impossible to reconcile it on the theory that all the witnesses were telling the truth. The trial court would have to accept the testimony of one side or the other, or disbelieve all the witnesses. The trial court was the sole judge of the credibility of the witnesses, and, if it believed the testimony of the witnesses for the prosecution, the evidence is amply sufficient to establish the guilt of the defendant of the offense with which he is charged.

The evidence on behalf of the state discloses no facts that would warrant the use of force in any degree by the defendant, acting in his capacity as an investigator, in the fulfillment of the duties which he was performing.

In criminal cases, the judgment and proceedings of the lower court are presumed to be valid and regular. It is a general rule that a reviewing court will not set aside a verdict or findings of a trial court in a criminal case, if the evidence is susceptible of two views. In such situation, the reviewing court may not substitute its judgment for that of the trial court.

After a careful examination of the record in this case, we can not say as a matter of law that the evidence is insufficient to support the judgment of the lower court, and, therefore, the judgment of the lower court must be, and is, affirmed.

*Judgment affirmed.*

McCURDY, P. J., and GILLEN, J., concur.