THE STATE OF OHIO, APPELLEE, *v.* ONEY, APPELLANT.

[Cite as State v. Oney, 10 Ohio St. 2d 186.]

(No. 40549—Decided May 3, 1967.)

*Mr. Leroy Oney, in propria persona.*

*Per Curiam.* Among the questions raised in this action is whether appellant's constitutional rights were infringed by the failure of the court to appoint counsel to represent him.

So far as counsel is concerned, the court did inform appellant that it would appoint counsel, but a reading of the record shows that appellant never understood that if he was indigent the court would appoint counsel to represent him at the expense of the state. This is exemplified from the record as follows:

"Defendant: If I plead guilty, that's the only way to get the thing over with and get it done because I don't have the money to get a lawyer.

"Court: As I said, at the proper time I would furnish you with a lawyer. I want it fully understood; however, you know in your own mind whether you are guilty or not. If you are guilty, it's one thing, then maybe you are sick and you should go to Lima State Hospital. If you are not guilty of the offense, that's a different story. You know whether or not you are guilty yourself, sir.

"Defendant: I know, but fighting it is another thing, you

know, because it takes a lot of money to get a lawyer here, even to start it, any of them in town here wants five hundred. I don't know, my dad says he'd - - -

"Court: Your father thinks you're guilty, doesn't he?

"Defendant: I don't know, to tell you the truth, I really don't know. He said he'd help me all he could on the money part. I got a lot of bills going that I can't pay and I can't get the lawyer, so the best thing to do is go ahead and plead guilty."

Two other times in the record appellant said he did not have money for an attorney. It is clear that he never understood that if he was indigent the court would appoint counsel for him at the expense of the state.

The motion to certify is allowed and the judgment of the Court of Appeals is reversed. The appellant's conviction is vacated and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.