THE STATE OF OHIO, APPELLANT, *v.* CAUDILL APPELLEE.

(No. 75-1151—Decided December 23, 1976.)

*Mr. Lawrence S. Huffman,* prosecuting attorney, and *Mr. James C. King,* for appellant.

*Messrs. Siferd & Eaton* and *Mr. Richard E. Siferd,* for appellee.

STILLMAN, J. The state of Ohio has appealed the decision of the Court of Appeals, assigning three errors listed

as propositions of law. The first of these propositions recites:

"Where a defendant enters a written plea of no contest to a felony and, in writing, expressly acknowledges understanding all of his rights as enumerated in Criminal Rule 11(C), and expressly states his desire to waive said rights, and the trial court thereafter personally addresses the defendant concerning said written plea and waiver, and independently determines defendant understands the consequences thereof, there has been a literal compliance with Criminal Rule 11(C) and defendant's plea of no contest need not be set aside."

Crim. R. 11(C) reads, with respect to the important subject matter of this appeal, as follows:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.

"(3) With respect to aggravated murder committed on and after January 1, 1974, the defendant shall plead separately to the charge and to each specification, if any. A plea of guilty or no contest to the charge waives the defendant's right to a jury trial, and before accepting such plea the court

shall so advise the defendant and determine that he understands the consequences of such plea.

"If the indictment contains no specification, and a plea of guilty or no contest to the charge is accepted, the court shall impose the sentence provided by law.

"If the indictment contains one or more specifications, and a plea of guilty or no contest to the charge is accepted, the court may dismiss the specifications and impose sentence accordingly, in the interests of justice.

"If the indictment contains one or more specifications which are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.

"(4) With respect to all other cases the court need not take testimony upon a plea of guilty or no contest."

It is clear from the provisions of this rule that a no contest plea requires the court to address the defendant personally and to inform him specifically that he is giving up his right to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. It is also required of the trial court that a determination be made that the defendant understands the significance of his waiver. Crim. R. 11(C)(2)(c).

Clearly this provision of the rules contemplates a dialogue requiring more than a perfunctory response from the defendant. There is an additional provision of Rule 11(C)(2)(b) requiring the court to inform the defendant of the effect of his plea of no contest and to make the same

determination that the defendant understands the significance of a no contest plea.

With respect to an aggravated murder committed on or after January 1, 1974, Crim. R. 11(C)(3), paragraph one, again recites the duty of the court, "before accepting such plea" of no contest, to "advise the defendant and determine that he understands the consequences of such plea."

The provisions relating to the determination of the defendant's understanding of his plea of guilty or no contest are recited three times in Crim. R. 11(C). They are clearly intended to be scrupulously and literally heeded.

Under the circumstances of this case, both the nature of the offense charged and the apparent limited mental capacity of the 18-year-old defendant should have underscored the importance of meticulous adherence to the provisions of Crim. R. 11(C). In *State* v. *Buchanan* (1974), 43 Ohio App. 2d 93, motion to certify overruled by the Supreme Court on April 17, 1975, the appellate court was presented with almost precisely the issue now before this court. There the defendant entered a guilty plea and the trial court complied with all the provisions of Crim. R. 11, "except 11(C)(2)(c) when it did not inform the defendant and determine that he understood before entering his plea that the state must prove him guilty beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." The judgment of the trial court was reversed and the cause remanded.

*McCarthy* v. *United States* (1969), 394 U. S. 459, dealing with the provisions of Federal Rule of Criminal Procedure 11, presented a procedural situation virtually identical with the circumstances here. The Supreme Court of the United States, in a unanimous decision, ruled that it is not sufficient for a plea of guilty to be accepted by the court merely upon representation by the defendant's attorney that he had explained the charge to the defendant. The court specifically stated that the "defendant's state of

mind," is determined by "personal interrogation." Such personal interrogation takes place only in a meaningful colloquy between the court and the defendant. A written document, filed by a defendant, purporting to waive his rights, is clearly not adequate to take the place of the essential function specifically assigned to the court. In *McCarthy*, the court pointed out that its demand for strict adherence to the rule simply provides for a remand of the case to give the defendant an opportunity to plead anew.

Although the cases cited above involve guilty pleas, the language of Crim. R. 11(C) applies to no contest pleas as well as to guilty pleas, and the rulings are therefore equally applicable here.

For the above reasons, the court finds that appellant's first proposition of law is not well taken.

Propositions of law numbered II and III are as follows:

"Where a defendant enters a written plea of no contest to a felony and, in writing, expressly acknowledges understanding all of his rights as enumerated in Criminal Rule 11(C) and expressly states his desire to waive said rights, and the trial court thereafter personally addresses the defendant concerning said written plea and waiver and independently determines defendant understands the consequences thereof, there has been a substantial compliance with Rule 11(C) and no prejudicial effect inheres from a lack of literal compliance with said rule.

"Where a defendant enters a written plea of no contest to a felony and, in writing, expressly acknowledges understanding all of his rights as enumerated in Criminal Rule 11(C) and expressly states his desire to waive said rights, the defendant thereby effectively waives the requirement imposed under Criminal Rule 11(C) that he be personally informed by the trial court of the rights set forth in said rule."

The court's reasoning with respect to appellant's first proposition of law is equally applicable to proposi-

tions numbered II and III. Neither of these latter propositions is well taken.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, W. BROWN and P. BROWN, JJ., concur.

HERBERT and CELEBREZZE, JJ., dissent.

STILLMAN, J., of the Eighth Appellate District, sitting for STERN, J.

HERBERT, J., dissenting. The majority announces quite clearly, particularly in view of the facts at bar, that prejudice to a defendant will be *presumed* in cases where Crim. R. 11(C)(2) is not scrupulously followed.

A presumption of prejudice can be proper where a defendant has been denied counsel. However, in my opinion, it is a serious mistake to extend the rule of presumed prejudice when it is not imperative to the interests of justice to do so.

The evidence necessary to present a case against this defendant will be three years cold in January of 1977. Has its viability been forever lost to the state? How will a jury, not knowing of these appellate proceedings, view an attempt to prove guilt of an aggravated murder in a trial conducted three and one-half years after the fact, when the defendant was arrested four days after the crime?

I would reverse the judgment appealed from and reinstate the judgment of the trial court.

CELEBREZZE, J., concurs in the foregoing dissenting opinion.