THE STATE OF OHIO, APPELLANT, *v.* STRAWTHER, APPELLEE.

(No. 78-394—Decided December 7, 1978.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Christian J. Schaefer* and *Mr. William P. Whalen, Jr.,* for appellant.

*Mr. H. Fred Hoefle,* for appellee.

Cook, J. The appellant has filed three propositions of law which contend the trial court substantially complied with Crim. R. 11 despite his failure to orally advise the appellee that in pleading guilty to attempt to commit murder and aggravated robbery (R. C. 2903.02 and 2911.01), he would be waiving his right to the use of the compulsory process of the court to obtain witnesses in his behalf.

As to Crim. R. 11, this court in *State v. Caudill* (1976), 48 Ohio St. 2d 342, held:

"1. In accepting a written plea of no contest to a felony charge, the trial court must adhere scrupulously to the provisions of Crim. R. 11(C)(2).

"2. Adherence to the provisions of Crim. R. 11(C)(2) requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest.

"3. The requirements of Crim. R. 11(C)(2) are not satisfied by a written statement by the defendant or by representations of his counsel."

However, paragraph one of the syllabus in *Caudill* was modified by this court in *State v. Stewart* (1977), 51 Ohio St. 2d 86, where it held:

"Where an individual is indicted on a charge of aggravated murder, with specifications thereto, and the trial court accepts a plea of guilty to the lesser included offense of murder (R. C. 2903.02) without personally advising the defendant that he is ineligible for probation, such omission does not constitute prejudicial error, and *there is substantial compliance* with the provisions of Crim. R. 11. (Paragraph one of the syllabus in *State v. Caudill,* 48 Ohio St. 2d 342, modified.)" (Emphasis added.)

In *Stewart,* after reviewing numerous federal cases, the majority opinion stated, at page 93:

"Finally, although it can validly be argued that the trial court should adhere scrupulously to the provisions of Crim. R. 11(C)(2) (*State v. Caudill* [1976], 48 Ohio St. 2d 342), there must be some showing of prejudicial effect before a guilty plea may be vacated. See Crim. R. 52(A)."

The rule adopted by this court in *State v. Stewart, supra,* requires prejudice to be shown before a plea can be vacated pursuant to Crim. R. 11.

A review of the record in the instant appeal fails to demonstrate any prejudicial effect of the trial court's failure to orally advise appellee that by entering guilty pleas to attempt to commit murder and aggravated robbery he was

waiving a right to the use of the compulsory process of the court to obtain witnesses in his behalf.

The record does indicate a waiver of the constitutional rights contained in Rule 11 of privilege against compulsory self-incrimination, right to trial by jury and the right to confront one's accusers as required by *Boykin* v. *Alabama* (1969), 395 U. S. 238. However, the right to compulsory process is not declared by *Boykin* to be a constitutional right requiring a waiver to appear upon the record.

In addition, the record indicates a jury had been impanelled and trial was about to begin when the pleas were entered. Subpoenas for witnesses should have already been issued. Also, the appellee, at the time of his written pleas of guilty waived his rights including his right "to have compulsory process for obtaining witnesses in my favor."

The record does not demonstrate any prejudicial effect as a result of the trial court's oversight and we therefore conclude the trial court substantially complied with Crim. R. 11.

Where a trial court accepts written pleas of guilty to attempt to commit murder and aggravated robbery, which include a "waiver" of "compulsory process," and dismisses the remaining counts of the indictments without orally advising the defendant that he has a right to compulsory process to obtain witnesses in his behalf, in the absence of prejudicial effect such omission does not constitute prejudicial error and there is substantial compliance with the provisions of Crim. R. 11.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

Leach, C. J., Celebrezze, W. Brown, Sweeney and Locher, JJ., concur.

P. Brown, J., concurs in the judgment and in the concurring opinion of Leach, C. J.

Cook, J., of the Eleventh Appellate District, sitting for Herbert, J.

LEACH, C. J., concurring. On the basis that the underlying purpose of Crim. R. 11 is to enable the trial court on the record, "to determine fully the defendant's understanding of the consequences of his plea of guilty," (see paragraph two of the syllabus of *State* v. *Caudill*, 48 Ohio St. 2d 342), I would modify the rule of law announced in paragraph three of the syllabus of *Caudill* to read:

"The requirements of Crim. R. 11(2)(C) are not satisfied *merely* by a written statement of the defendant or by representations of his counsel."

Here that basic purpose and the reason for the rule has been fully complied with in the oral dialogue between the court and the defendant himself.

P. BROWN, J., concurs in the foregoing concurring opinion of LEACH, C. J.