The State of Ohio, Appellee, *v.* Summers, Appellant.

(Nos. C-800899 and C-800900—Decided October 28, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Mr. Steven E. Simon,* for appellant.

Black, J. The question in this appeal is whether a judgment and sentence will be reversed when the defendant's written plea of no contest was entered on the trial court's record, but it is impossible to produce a transcript of the proceeding at which the no contest plea was offered and accepted because the stenographic notes had been lost or stolen through no fault of the court, the prosecution or the defense. We answer the question in the negative.

The defendant was charged in two separate indictments with breaking and entering and with aggravated burglary. After he withdrew his pleas of not guilty and entered written pleas of no contest on October 27, 1980, he was sentenced to consecutive terms of imprisonment. He then appealed both sentences, but he discovered while attempting to certify a transcript of the hearing at which his pleas were accepted, that the stenographic notes of the hearing had been lost or stolen and could not, after diligent search, be found. Subsequently, affidavits about the hearing both by defendant's trial counsel and by the trial judge were filed in this court on, respectively, June 11 and June 15, 1981. Because neither affidavit had been certified to this court as part of the record on appeal pursuant to App. R. 9, counsel have prepared and filed, at the suggestion of this court, an Agreed Stipulation As To Supplemental Record under App. R. 9(E), in order to correct the foregoing omission by expressly incorporating as part of the agreed record on appeal the affidavits of the trial judge and defense counsel.[1]

Defendant's single assignment of error in each appeal is identical to that in the other appeal and is phrased as follows:

---

[1] The affidavit of Hollis A. Moore, defendant's trial counsel, recites, in relevant part, "After reviewing my file, and considering the

"Appellant has been denied his due process rights to an effective appeal because of the unavailability of the transcript of the proceedings before the trial court, the inadequacies of the recollection of the trial court in trying to comply with Rule 9(C) of the Appellate Rules, and the resulting record which does not affirmatively show even substantial compliance with Criminal Rule 11(C)."

Although this somewhat diffuse assignment of error is postulated solely in terms of a Fourteenth Amendment due process deficiency, the defendant's argument makes clear that at least two grounds of error allegedly prejudicial to the defendant are asserted: first, the due process argument, and second, the failure of the record, as supplemented, to demonstrate compliance with Crim. R. 11(C).

With respect to the due process argument, the defendant cites *Boykin* v. *Alabama* (1969), 395 U.S. 238, as authority for the proposition that a voluntary and intelligent waiver of constitutional rights will not be presumed from a silent record. This argument overlooks, however, the fact that the records in the instant appeals are not silent, because each contains the defendant's no contest plea in a form that expressly sets forth his understanding of the nature and effect of his plea and includes waiver of his constitutional rights.[2] These written pleas further contain the following certification by defense counsel:

"I have explained to the Defendant prior to his/her signing this plea, the charge(s) in the indictment, the penalties therefore, and his/her constitutional rights in this case. I represent that in my opinion, the Defendant is competent to change his/her plea and now does so knowingly, intelligently and voluntarily."

We conclude that, with respect to the due process argument, the record does not require us to "* * * presume a waiver of these * * * important federal rights from a silent record," *Boykin* v. *Alabama, supra,* at 243, but demonstrates a suffi-

---

information in that file as it relates to October 27, 1980, and the proceedings as they particularly relate to Ohio Criminal Rule 11, I am without sufficient information to prepare a statement pursuant to either Rule 9(C) or 9(D) of the Appellate Rules of Procedure."

The affidavit of the trial judge states, in relevant part, "I have no present recollection of Mr. Kenneth Summers' appearance before this court on October 27, 1980," but adds that *"In all cases involving a no contest plea* I proceed through a written outline wherein the following information is obtained from any defendant and/or counsel * * *."* (Emphasis added.) Then follows a detailed series of inquiries and instructions complying with the information to be given and consent secured as specified by Crim. R. 11(C). It is quite clear — and, indeed, is not challenged by the defendant — that such proceedings would constitute a scrupulous compliance with Crim. R. 11(C) and with all applicable constitutional strictures.

[2] The actual wording of the entries, following a recital of the charge, minimum and maximum terms, and maximum fine is as follows:

"I understand the nature of the charge(s) to which I plead NO CONTEST, and whether or not I will be eligible for probation. I have been informed and understand the following: that my plea of NO CONTEST is an admission of the truth of the facts alleged in the Indictment but not an admission of my guilt to said charge(s); that upon acceptance of the plea the judge may proceed with judgment and sentence; that I am waiving my constitutional rights to jury trial, to confront witnesses against me, to have compulsory process for obtaining witnesses in my favor, and to require the state to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself.

"I have not been forced or threatened in any way to cause me to sign and offer this plea. I offer this plea knowingly, intelligently and voluntarily. I have consulted with my attorney and have his/her advice and counsel. I am satisfied with the legal representation and advice I have received from my attorney.

"/s/ Kenneth E. Summers"

cient constitutional basis for acceptance of the no contest pleas. *State* v. *Hoyle* (Apr. 13, 1977), Hamilton App. No. C-76201, unreported.

The second ground of error is that the record as supplemented fails to demonstrate compliance with Crim. R. 11(C). We conceive of this as separate from the first argument and not disposed of by our answer to the first argument, because Crim. R. 11(C) exceeds the letter of the federal law by requiring that the trial court shall first address the defendant personally to make certain determinations about the voluntariness of the plea and to inform the defendant of his statutory and constitutional rights in specific detail. So far as we are aware, the federal requirement of express voluntariness is nonspecific as to method, while the Ohio requirement is specific. It would be possible to meet the federal test without following the Ohio procedure. *State* v. *Billups* (1979), 57 Ohio St. 2d 31, 37 [11 O.O.3d 150]. The question, then, is whether the defendant can demonstrate from the record *sub judice* that the trial court failed to comply with the Ohio procedure.[3] We believe he cannot.

The record *sub judice* discloses that a written plea of no contest was signed by defendant (and his counsel) and accepted by the court but fails to contain the personal exchange between the court and the defendant at the plea hearing. The absence of a transcript of the hearing is not the fault of the court, the prosecution or the defense. Defense counsel has no recollection of the proceedings sufficient to prepare a narrative statement of the plea hearing, and he is unable to point specifically to any deficiency in the court's performance. The court has no better recollection of the event, but asserts that full compliance with the rule is its standard operating procedure. Under these circumstances, the long-established presumption in favor of regularity fills the void. As stated in *In re Sublett* (1959), 169 Ohio St. 19, 20, "all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment or decision under review and of the regularity and legality of the proceeding below." See, also, *Palmer* v. *Yarrington* (1853), 1 Ohio St. 253, 261, and *State* v. *Ray* (1956), 102 Ohio App. 395 [2 O.O.2d 415].

In *Yarbrough* v. *Maxwell* (1963), 174 Ohio St. 287 [22 O.O.2d 341], the court denied a writ of habeas corpus to a petitioner who could not demonstrate the irregularity of the proceedings below when his plea was changed from not guilty to guilty, other than through his own unsupported, uncorroborated statements. In *Coleman* v. *McGettrick* (1965), 2 Ohio St. 2d 177 [31 O.O.2d 326], the failure of the appellate court to state on the record its reasons for denying him bail did not overcome the presumption of regularity and the petition for a writ of habeas corpus was denied.

We believe that in the absence of any

---

[3] What is meant by compliance with Crim. R. 11(C) has had an eventful history. Under *State* v. *Caudill* (1976), 48 Ohio St. 2d 342 [2 O.O.3d 467], adherence to the provisions of the Rule had to be scrupulous. Under the later cases of *State* v. *Stewart* (1977), 51 Ohio St. 2d 86 [5 O.O.3d 52]; *State* v. *Strawther* (1978), 56 Ohio St. 2d 298 [10 O.O.3d 420]; and *State* v. *Billups, supra,* the plea was properly accepted if adherence to the rule was substantial and no prejudice could be demonstrated. Failure to use the exact language of the rule is not grounds for vacating a plea so long as the record shows that the court's explanation was in a manner reasonably intelligible to the particular defendant. *State* v. *Ballard* (1981), 66 Ohio St. 2d 473 [20 O.O.3d 397]; *State* v. *Chellew* (Oct. 7, 1981), Hamilton App. No. C-800732, unreported.

We note that despite the later modifications of the rule of *State* v. *Caudill, supra,* the third paragraph of its syllabus remains unchanged and provides that the requirements of Crim. R. 11(C)(2) are not satisfied by a written statement of the defendant or representations of his counsel.

demonstration whatsoever on the record that the trial court failed to comply substantially with Crim. R. 11(C) in a manner reasonably intelligible to this defendant during the hearing when it accepted his written plea and ordered it entered on the records of the court, the presumption of regularity is applicable and must prevail over the requirement of adherence to the procedural safeguards of Crim. R. 11(C). In brief, we are unwilling on the basis of the record before us to assume that the court failed to do its duty.

No error having been demonstrated, we find no merit in the assignment of error. We affirm.

*Judgments affirmed.*

SHANNON, J., concurs.

PALMER, J., dissents.

PALMER, J., dissenting. Crim. R. 11(C)(2) provides that:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

In the normal course of things, the only way compliance, or substantial compliance, with this (or any other) commandment of law or rule may be shown is through the record. See, *e.g., State* v. *Oney* (1967), 10 Ohio St. 2d 186 [39 O.O.2d 195]; *State* v. *Pina* (1975), 49 Ohio App. 2d 394 [3 O.O.3d 457]; *Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79 [58 O.O.2d 86]; *State* v. *Lipker* (1968), 16 Ohio App. 2d 21 [45 O.O.2d 34]. See, also, *State* v. *Draggo* (1981), 65 Ohio St. 2d 88 [18 O.O.3d 294]; *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.2d 98], vacated in part 438 U.S. 911; *State* v. *Kuno* (1976), 46 Ohio St. 2d 203 [75 O.O.2d 239]. If the record does not reveal substantial compliance with this section, accomplished in a manner reasonably intelligible to the defendant in accordance with the decisions of our superior court,[4] I take it to be clear that we must vacate the plea and remand the cause to permit the defendant to plead anew. *State* v. *Sturm* (1981), 66 Ohio St. 2d 483. Here, the transcript of proceedings in which the trial court accepted the plea and which would have demonstrated whether or not the rule had been followed has been irretrievably lost. This would seem to end the matter, mandating reversal, except that it is suggested to us that this absolute omission in the record may be supplied either by an *inference,*[5] or, in the alternate, accepted

---

[4] See, generally, *State* v. *Caudill* (1976), 48 Ohio St. 2d 342 [2 O.O.3d 467]; *State* v. *Stewart* (1977), 51 Ohio St. 2d 86 [5 O.O.3d 52]; *State* v. *Strawther* (1978), 56 Ohio St. 2d 298 [10 O.O.3d 420]; *State* v. *Billups* (1979), 57 Ohio St. 2d 31 [11 O.O.3d 150]; and, particularly, *State* v. *Ballard* (1981), 66 Ohio St. 2d 473 [20 O.O.3d 397].

[5] That is: (1) I always do X when Y occurs; (2) Y occurred here; (3) therefore, I infer that I did X, although I do not specifically remember having done so. The logic of the syllogism is permissible only if one concedes the very questionable major premise.

by the majority, by a *presumption, i.e.,* by the presumption of regularity that is said to attend judgments or decisions below. Neither crutch seems to me available to assist the instant case to walk.

So far as the first of these prostheses is concerned, I think the principle to be clear. As stated in *Boykin* v. *Alabama* (1969), 395 U.S. 238, and quoted in *State* v. *Ballard* (1981), 66 Ohio St. 2d 473, 477 [20 O.O.3d 397], "We cannot presume a waiver of these three important federal rights from a silent record." While I believe the majority to be correct that the written waiver by the defendant satisfactorily answers the constitutional issue raised in *Boykin,* the principle prohibiting drawing an inference or presumption of compliance with a mandatory requirement of law or rule from a silent record remains.

Attention is directed to the *Stewart, Strawther, Billups,* and *Ballard* cases, *supra,* at fn. 4, where in each instance the court carefully draws attention *to those portions of the record* which sustain its conclusion that the rule was substantially complied with. Representative of these efforts is Justice Holmes' comment in *Ballard* where, after approvingly citing the Indiana Supreme Court in *Laird* v. *State* (Ind. 1979), 385 N.E.2d 452, 454, to the effect that "* * * [t]he record must provide a sufficient basis for the conclusion 'that defendant was meaningfully informed of the specific rights enumerated in *Boykin,* * * *' " he added:

"Therefore, we hold that a rote recitation of Crim. R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea. Rather, the focus, upon review, *is whether the record shows* that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *Ballard, supra,* at 480 (emphasis added).

The matter is, quite simply, too critical, both from the point of view of the defendant's interest in having a full understanding of what rights he is waiving by his plea and from the interest of the public in the finality of such pleas, to permit proof of compliance by inference. *Id.* at 478-479.

The same principles prohibit, it seems to me, and the same authorities set themselves against, the second of the two suggested rationales, that adopted by the majority herein. While it is quite true that appellate courts will normally presume the regularity of proceedings below, *In re Sublett* (1959), 169 Ohio St. 19 [7 O.O.2d 487], the maxim is one of convenience, stating no more than the obvious: that the burden on appeal is upon the one seeking to disturb a judgment or order to demonstrate on the record the error prejudicial to his interest. However, that burden is satisfied, it seems to me, where the appellant in a criminal case demonstrates that the record fails to reflect, in a critical respect, *evidence relied upon by the state to satisfy a burden cast upon the state at trial.*[6] Here, clearly the burden is upon the state to give the instructions required by Crim. R. 11(C) prior to accepting a plea waiving critical rights of the defendant. *Ballard, supra*; *Strawther, supra,* at fn. 4. The corollary of this is that the state, upon appeal, must be able to demonstrate upon the record its satisfaction of that trial burden. It simply cannot do so where the record is silent or missing as here.

Analogies abound. The burden is on

---

[6] We should also note, *passim,* that the trial court has the burden of seeing that "In serious offense cases all proceedings shall be recorded." Crim. R. 22. The unstated but indispensable concomitant of this is that the court also has the duty to preserve the record so recorded for appellate review, since the recording process has no other *raison d'etre.* Where the court fails to do so, for whatever reason, it is a harsh rule indeed which would make the defendant suffer for it.

the state in a criminal trial to prove all of the elements of the offense beyond a reasonable doubt. If, upon appeal, the trial transcript is denied, is missing, or is incomplete in some critical respect, and cannot be otherwise supplied, we do not presume the regularity of the guilty judgment, but require a new trial. See *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]; *State* v. *Petro* (1948), 148 Ohio St. 473 [36 O.O. 152]. The burden is on the state to bring a defendant to trial within the time limits specified in R.C. 2945.71 *et seq*. If, upon appeal, the state cannot demonstrate *on the record* compliance with the statute, no regularity is presumed, but the defendant is discharged. *E.g.*, *State* v. *Coatoam* (1975), 45 Ohio App. 2d 183 [74 O.O.2d 229]; *Oakwood* v. *Ferranti* (1975), 44 Ohio App. 2d 318 [73 O.O.2d 374]; *Cincinnati* v. *Williams* (1975), 44 Ohio App. 2d 143 [73 O.O.2d 137].

The state has a heavy burden of sustaining the constitutionality of a warrantless search and seizure, *e.g.*, *Kovach* v. *United States* (C.A. 6, 1931), 53 F. 2d 639; *United States* v. *Payner* (N.D. Ohio 1977), 434 F. Supp. 113; *State* v. *Shepcaro* (1975), 45 Ohio App. 2d 293 [74 O.O.2d 437], or of a confession secured without antecedent *Miranda* warnings. Cf. *State* v. *Barker* (1978), 53 Ohio St. 2d 135 [7 O.O.3d 213], certiorari denied 439 U.S. 913. Where a motion to suppress is timely filed, heard, and overruled, I take it that no presumption of regularity will attach to that order if, upon appeal, the state cannot find the trial transcript containing the evidence upon which the order was based.

In none of these instances will compliance with a trial burden of the state be presumed from a silent record. The separate burden of the defendant upon appeal is satisfied when he points out that the record is, in fact, silent.

For these reasons, I would reverse the judgment and remand the cause to the trial court to permit the defendant to plead anew.