OPINION
This appeal is taken by defendant-appellant Anthony Langraf from an order denying his motion to withdraw guilty plea entered by the Court of Common Pleas of Auglaize County.
On January 28, 1996 Langraf was indicted by a grand jury for five counts including theft, attempted theft, tampering with coin machines, and possession of criminal tools. On May 9, 1996, in accordance with the plea agreement, Langraf plead guilty to all five counts and was sentenced to 5 years in prison. Langraf was granted furlough on July 9, 1996 subject to conditions specified by the court. Defendant failed to report to the furlough program on July 20, 1996 and on July 23, 1996 his furlough was terminated and the court issued a warrant for his arrest. Langraf was subsequently placed in custody whereupon he was ordered to serve the 5 year sentence previously imposed by the court. In response Langraf filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. On December 22, 1998 that motion was denied. On appeal from that denial Langraf makes several assignments of error.
The defendant-appellant's assignments of error are argumentative and disjointed, but we understand his complaint to be, that the trial judge abused his discretion by failing to allow withdrawal of the guilty plea or hold an evidentiary hearing on the motion. He claims that failure to allow him to withdraw his guilty plea is manifestly unjust because: 1) defendant-appellant was convicted and sentenced to "an actual crime when he was only charged with attempt"; 2) the trial court lacked subject matter jurisdiction as the indictment failed to specify a crime; 3) the plea was involuntary and not intelligently entered due to ineffective assistance of counsel.
Langraf claims that the trial judge abused his discretion when he failed to allow the withdrawal of his guilty plea or hold an evidentiary hearing on his motion. Crim.R. 32.1 states the requirements for withdrawal of a guilty plea. Crim.R. 32.1 reads:
 A motion to withdraw a plea of guilty or no contest may be
 made only before sentence is imposed; but to correct manifest
 injustice the court may after sentence set aside the judgment of
 conviction and permit the defendant to withdraw his plea.
A motion made pursuant to Crim.R. 32.1 is left to the sound discretion and judgment of the trial court. When reviewing a motion to withdraw the trial court is the court that shall resolve all issues as to credibility of the movant's assertions. State v.Stumpf (1987), 32 Ohio St.3d 95, 512 N.E.2d. 598; The movant seeking to withdraw, the guilty plea has the burden of proving that manifest injustice exists. State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d. 1324; U.S. v. Mainer (1967) 383 F.2d. 444. This burden of proof is arduous and as such withdrawal of a guilty plea is allowed only in "extraordinary cases". State v. Nathan
(1995), 99 Ohio App.3d 722, 725; State v. Smith (1977) 49 Ohio St.2d 261,361 N.E.2d. 1324. The decision of the trial court shall not be overturned absent a showing of abuse of discretion.State v. Nathan (1995) 99 Ohio App.3d 722.
The trial court must review the allegations made in the motion to withdraw and based upon that review, decide if an evidentiary hearing is necessary. Generally, an evidentiary hearing on a motion to withdraw a guilty plea "is required if the facts alleged by the defendant and accepted by the court as true would require the court to permit the plea be withdrawn." State v.Nathan (1995) 99 Ohio App.3d 722, 725; State v. Hamed (1989).63 Ohio App.3d 5, 7.
Langraf claims initially that entry of his guilty plea resulted in manifest injustice because he was convicted and sentenced as if he had actually committed an offense when he was only charged with attempt to commit the offense. This claim is wholly without merit because Langraf was in fact charged with one count of attempted theft and one count of theft as well as tampering with coin machines and possession of criminal tools. Each count was independently related to a separate transaction. He was convicted and sentenced for both accordingly.
Langraf also asserts that the trial court lacked subject matter jurisdiction because the indictment failed to specify a crime. However, his failure to raise this defense prior to entry of the judgment waives the defense. Crim.R. 12(B) states the following defenses must be raised prior to trial or they are waived:
 Defenses and objections made on defects in the indictment, information or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding.)
Even had it been raised properly this defense would not be meritorious because the indictment "need only use words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." See Crim.R. 7(B). The indictment included in the record contains sufficient language to give Langraf notice of all of the elements of the offenses with which he was charged.
Langraf next asserts that the entry of his plea of guilty resulted in manifest injustice because his plea was involuntary and not intelligently entered due to ineffective assistance of counsel. In order to be constitutionally valid, a plea of guilty must be entered knowingly, intelligently and voluntarily. These requirements are set out in Crim.R. 11(C). If the defendant does not knowingly, voluntarily or intelligently enter his plea, or does not know the consequences of the entry of his plea it is considered a violation of due process and the entry of plea is invalid under both the United States Constitution and the Ohio Constitution. See Kercheval v. U.S. (1927). 274 U.S. 220, 223;Mabry v. Johnson (1984), 467 U.S. 504, 508-09; Boykin v. Alabama
(1969), 395 U.S. 238; State v. Kelley (1991), 57 Ohio St.3d 127;State v. Engle (1996), 74 Ohio St.3d 525; Crim.R.11(C).
A plea of guilty is a complete admission of the defendant's guilt. Before accepting the plea of guilty the trial judge under Crim. Rule 11(C) must address the defendant personally and determine: first, that the plea is voluntary, second, that the defendant understands the charges and the maximum penalty involved, third, that the defendant understands that upon entry of that plea the court will enter judgment and sentence and, finally, that the defendant is aware of the fact that that he is waiving his trial rights including the right to a trial by jury, the right to confront witnesses, proof by the state of guilt beyond a reasonable doubt, and the right against self-incrimination.
The record before us does not contain a transcript of the plea proceedings. Without such a transcript we have nothing to review and must assume the regularity of the proceedings. See In re Sublett (1959), 169 Ohio St. 19, 157 N.E. 324; State v. Summers (1981), 3 Ohio App.3d 234, 444 N.E.2d 1041. However, no transcript is necessary to consider the merit of Langraf's claims. Langraf contends that his counsel failed to challenge misleading and false specifications contained in the indictment, failed to raise the defense of double jeopardy, induced his entry of plea, refused to investigate his case, and threatened to abandon him. The specifications to which Langraf refers were dismissed during plea negotiations. In addition, the judgment entry contains a statement reciting the trial court's compliance with Rule 11(C). Langraf claims that his lawyer wrongly failed to claim a defense of double jeopardy because he was twice charged and sentenced for the crimes for which he is currently serving a prior term. However, the record before us discloses that Langraf was convicted of theft, attempted theft, tampering with coin machines and possession of criminal tools and sentenced for those charges only. Thereafter, after violating the terms of furlough from incarceration that original sentence was reimposed. This is not double jeopardy. Moreover, counsel's ethical refusal to present frivolous defenses does not constitute ineffectiveness.
The assignments of error presented by Langraf do not establish manifest injustice resulting from his plea of guilty. No manifest injustice having been shown to exist, the assignments of error are overruled. The judgment of the Court of Common Pleas of Auglaize County is affirmed.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.