OPINION
Defendant-appellant, Bakur Gegia ("appellant"), appeals from the acceptance of his plea of guilty for the offense of felonious assault by the Portage County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.
On December 16, 1999, the grand jury indicted appellant for three counts of felonious assault on a peace officer. Each count contained a firearm specification. On February 10, 2000, the trial court ordered appellant to be brought back from the Summit County Jail to attend a pretrial hearing the following day. On February 11, 2000, appellant entered into a written plea agreement in which he pled guilty to one count of felonious assault on a police officer with a firearm specification. The written plea agreement states appellant was informed by his attorney and the trial court of the effect of entering a guilty plea and its consequences. The remaining counts were nolled.
A transcript of the plea hearing was filed by the state. The transcript clearly reflects that the trial court did indeed hold a plea hearing and personally addressed appellant as mandated by Crim.R. 11(C). An order and judgment entry filed by the trial court states that the matter came before the court for a plea hearing. The judgment entry also provides appellant, defense counsel, and the assistant prosecutor were present in court. The trial court found appellant knowingly and voluntarily entered into the written plea agreement pursuant to Crim.R. 11(F) and accepted the plea. On March 27, 2000, the trial court sentenced appellant to a nine-year term of imprisonment for the felonious assault on a police officer offense and three years for the firearm specification.
On April 21, 2000, appellant's counsel filed a notice of appeal. The notice provides a statement pursuant to App.R. 9(C) or (D) would be prepared in lieu of a transcript. No such statement was filed with this court. The docketing statement filed with the notice of appeal states appellant is challenging his sentence and that no transcript of the proceedings was required. Subsequent counsel filed a motion for transcript of proceedings with this court, which was granted. Only a transcript of the sentencing hearing was filed with this court by appellant. After the hearing on appeal, the state supplemented the record with the transcript of the plea hearing.
Appellant assigns the following errors for review:
 "[1.] The trial court failed to follow the requirements of Criminal Rule 11.
 "[2.] The appellant did not knowingly, intelligently, or voluntarily enter a plea."
Appellant's assignments of error will be addressed together as similar issues of law are involved for the resolution of the appeal. Also, appellant has failed to argue the assignments of error separately.
Appellant argues the trial court did not hold a hearing with regard to his written guilty plea as mandated by Crim.R. 11(C)(2). Appellant asserts that the record is silent about whether the trial court personally addressed him before accepting his guilty plea. Appellant maintains that, because the trial court accepted his written plea of guilty without first conducting a hearing, appellant's plea was not knowingly, voluntarily, and intelligently made.
The underlying purpose of Crim.R. 11 is to assure that a defendant is informed of his constitutional rights so that he or she can make a voluntary and intelligent decision whether to plead guilty. State v.Ballard (1981), 66 Ohio St.2d 473. Crim.R. 11(C)(2) requires the trial court to personally address the defendant prior to accepting a plea to determine if the defendant is entering a knowing, voluntary, and intelligent plea. The defendant must be informed of his statutory and constitutional rights in specific detail by the trial court at a hearing. See State v. Summers (1981), 3 Ohio App.3d 234. The failure of a trial court to personally address a defendant prior to the acceptance of a plea results in a reversal. State v. Moore (1996), 111 Ohio App.3d 833. The record must affirmatively demonstrate that a guilty plea was entered knowingly, voluntarily, and intelligently. See State v. Brown (May 2, 1997), Lake App. No. 96-L-026, unreported, 1997 Ohio App. LEXIS 1786. A waiver of a defendant's constitutional rights under a plea will not be presumed from a silent, or an absent, record. Boykin v. Alabama (1969),395 U.S. 238, 243. See, also, Euclid v. Muller (1999), 134 Ohio App.3d 737;State v. Sanchez (Oct. 22, 1999), Ottawa App. No. OT-99-014, unreported, 1999 Ohio App. LEXIS 4922.
The record before this court refutes appellant's assertion that the trial court did not hold a hearing and personally address him prior to acceptance of his guilty plea. Appellant's argument on appeal, that he was denied a plea hearing, is belied by the record. The trial court fully complied with Crim.R. 11. Appellant's first and second assignments of error are without merit and overruled. The judgment of the Portage County Court of Common Pleas is affirmed.
O'NEILL, P.J., NADER, J., concur.