OPINION
{¶ 1} Defendant-appellant John J. Petralia, II ("appellant") appeals from the judgment of the Lake County Court of Common Pleas, accepting his guilty plea, assessing court costs, imposing sentence, and determining that he is a sexual predator.
 {¶ 2} On August 1, 2000, appellant entered a written plea of guilty to two counts of gross sexual imposition, both third degree felonies, and two counts of fourth degree gross sexual imposition. The matter came before the court for hearing. The trial court inquired if appellant realized to what offense he was pleading guilty. Appellant replied in the affirmative. The trial court then explained the maximum sentence appellant could receive. After explaining appellant's constitutional rights, the trial court asked if appellant understood the nature of the crimes to which he was pleading guilty. Appellant replied that he did. The trial court accepted appellant's guilty plea. On August 9, 2000, the trial court issued its judgment entry accepting appellant's guilty plea.
 {¶ 3} The matter came before the court for a sentencing hearing and sexual predator determination on September 7, 2000. The court determined appellant to be a sexual predator. The court stated it considered appellant's age, relationship to one of the victims, the age of the victims, and the nature of the offenses in arriving at the determination.
 {¶ 4} On October 18, 2000, the trial court issued its judgment entry of sentence. The court found that the injury was exacerbated by the age of the victims, that the victims suffered serious psychological harm, and that appellant held a position of trust with the victims, using that position to facilitate the offenses. The court found no genuine remorse. The court found that some of the offenses were committed while appellant was under community sanction. The court found that the shortest prison term would demean the seriousness of appellant's conduct. The court further found that consecutive sentences are necessary to protect the public from future crime or to punish appellant. The court determined that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and that the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of that conduct. The trial court sentenced appellant to two years in prison on count one, and one year for each of the other three counts. The sentences were to be served consecutively, for a total term of five years. Appellant was ordered to pay all court costs, prosecution costs, and any supervision fees as permitted by R.C. 2929.18(A)(4).
 {¶ 5} On October 18, 2000, the trial court determined appellant is a sexual predator. The factors relied upon in arriving at this determination by the trial court were appellant's age of 42 years, that the children were between 12 and 13 years old at the time of the offenses, that appellant's daughter was one of the victims, and that the conduct was part of a demonstrated pattern of abuse.
 {¶ 6} On December 7, 2000, appellant filed a motion to vacate payment of the costs, claiming to be indigent. On December 15, 2000, the trial court denied the motion.
 {¶ 7} Appellant assigns the following errors for review:
 {¶ 8} "[1] The trial court erred by accepting guilty pleas without first determining whether the appellant understood the effect of the plea.
 {¶ 9} "[2] The trial court erred and abused its discretion, to the prejudice of the appellant, by failing to impose the shortest prison term authorized by law upon the appellant.
 {¶ 10} "[3] The trial court erred by imposing consecutive sentences upon appellant.
 {¶ 11} "[4] The trial court's findings that the appellant was a sexual predator was not supported by sufficient evidence.
 {¶ 12} "[5] The trial court committed reversible error by denying the appellant's motion to vacate the court costs that the trial court previously assessed against the appellant."
 {¶ 13} In his first assignment of error, appellant challenges the trial court's acceptance of his guilty plea. Appellant argues the trial court never formally addressed whether he understood that the effect of his guilty plea was a complete admission of guilt.
 {¶ 14} The underlying purpose of Crim.R. 11 is to assure that a defendant is informed of his constitutional rights so that he or she can make a voluntary and intelligent decision whether to plead guilty. Statev. Ballard (1981), 66 Ohio St.2d 473. Crim.R. 11(C)(2) requires the trial court to personally address the defendant prior to accepting a plea to determine if the defendant is entering a knowing, voluntary, and intelligent plea. The defendant must be informed of his statutory and constitutional rights in specific detail by the trial court at a hearing. See State v. Summers (1981), 3 Ohio App.3d 234. Crim.R. 11(C) creates two sets of requirements for a court to follow when accepting a guilty plea. The first set is constitutional while the second set is non-constitutional. Strict compliance is required when a court explains a defendant's constitutional rights. State v. Higgs (1997),123 Ohio App.3d 400. The record must affirmatively demonstrate that a guilty plea was entered knowingly, voluntarily, and intelligently. SeeState v. Brown (May 2, 1997), 11th Dist. No. 96-L-026, 1997 Ohio App. LEXIS 1786.
 {¶ 15} A trial court must substantially comply with Crim.R. 11 in explaining non-constitutional rights, meaning that, "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero
(1990), 56 Ohio St.3d 106, 108. A defendant who challenges his guilty plea on the basis that it was not knowing, intelligent, or voluntary must show a prejudicial effect. State v. Stewart (1977), 51 Ohio St.2d 86,93. The test for prejudice is whether the defendant would have pled guilty otherwise. Nero, supra, at 108.
 {¶ 16} At the plea hearing, the trial court carefully explained appellant's constitutional rights and the possible sentence he could receive. Appellant acknowledged being satisfied with the advice and counsel of his attorney. Appellant responded affirmatively to the court's query whether appellant realized to what offense he was pleading guilty. Appellant was aware of the nature of the crimes for which he was entering a guilty plea. Appellant admitted committing the crimes. The trial court accepted appellant's plea after appellant admitted to signing a written plea of guilty.
 {¶ 17} Appellant relies upon State v. Roberson (June 20, 1997),
2nd Dist. No. 16052, 1997 Ohio App. LEXIS 2640, to support his argument that the trial court's failure to inform him that he was admitting to his guilt is reversible error. In Roberson, the Montgomery County Court of Appeals held that a trial court has a mandatory duty to inform a defendant of the effect of a guilty plea prior to accepting that plea. This court has specifically declined to follow Roberson. In State v. Mallon (Dec. 17, 1999), 11th Dist. No. 98-T-0032, 1999 Ohio App. LEXIS 6131, this court noted prior Eleventh District holdings that a guilty plea is not automatically invalidated if a trial court fails to advise a defendant that such a plea functions as a complete admission of guilt. The touchstone in these cases is substantial compliance.
 {¶ 18} Appellant acknowledges that in State v. Gruber, 11th Dist. No. 2000-L-031, 2001-Ohio-8898, 2001 Ohio App. LEXIS 5057, this court held that the trial court's failure to explicitly inform a defendant that a guilty plea is a complete admission of guilt does not invalidate the plea, if the court substantially complies with the spirit of Crim.R. 11(C)(2). During the plea hearing, in response to a query by the trial court, appellant admitted he committed the charged crimes. Appellant cannot demonstrate any prejudice resulting from a failure on the part of the trial court to mention that a guilty plea is an admission of guilt to all elements of the crimes involved because he admitted to committing the offenses. Appellant's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, appellant contends the trial court should have imposed the minimum sentence for the offenses. Appellant submits that the length of sentence is not supported by sufficient evidence, making it contrary to law. Appellant argues he had no previous criminal record, admitted to his problem and sought treatment, and that the conduct leading to the charges occurred over a short time period.
 {¶ 20} When reviewing the imposition of a sentence upon a defendant by a trial court, this court will not disturb the sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Statev. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573. An appellate court may modify or vacate a sentence if the sentence is contrary to law. R.C. 2953.08(G).
 {¶ 21} Contrary to appellant's assertion that he had no previous criminal record, appellant was convicted of attempted possession of cocaine and illegal use or possession of drug paraphernalia. Appellant was sentenced to a term of 180 days, of which 120 days were suspended. The remaining 60 days apparently were served as volunteer work. Appellant was on probation at the time of the instant offense. Appellant has not served a penitentiary sentence. Therefore, the trial court was required to specify, on the record, that one or both of the reasons enumerated in R.C. 2929.14(B) justified the imposition of a sentence greater than the statutory minimum. State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. The court does not have to state its reasons for making this finding.Id. A trial court may impose more than the minimum sentence on an offender who has not previously served a prison term if the court finds, on the record, that the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B).
 {¶ 22} The trial court found, both at the sentencing hearing and in its judgment entry of sentence, that both the statutory reasons set forth in R.C. 2929.14(B) were applicable. The court found that the injury was exacerbated by the age of the victims and noted that each of the victims suffered serious psychological harm. Further, appellant held a position of trust with each of the victims and used that relationship to facilitate the offense. A review of the record shows that there was sufficient evidence to support the trial court's decision to impose more than the minimum sentence. Appellant's second assignment of error lacks merit and is overruled.
 {¶ 23} In his third assignment of error, appellant challenges the decision of the trial court to impose consecutive sentences. Appellant maintains that the record supports the imposition of concurrent rather than consecutive sentences. Appellant argues that nothing in the record supported the trial court's conclusory findings that consecutive terms of incarceration were warranted.
 {¶ 24} A trial court may impose consecutive sentences only if it makes certain findings. R.C. 2929.14(E). First, the court must determine that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(E)(3). Second, the trial court must find at least one of the factors listed in R.C. 2929.14(E)(4). Those factors are whether the multiple offenses were committed while the offender was awaiting trial or sentencing or was under post-release control for a prior offense, R.C. 2929.14(E)(4)(a); the harm caused by the multiple offenses was so great or unusual that a single prison term for any of the offenses committed would not adequately reflect the seriousness of the offender's conduct, R.C. 2929.14(E)(4)(b); or the offender's history of criminal conduct shows that consecutive sentences are necessary to protect the public from future crime, R.C.2929.14(E)(4)(c). See State v. Lewis, 11th Dist. No. 2001-L-060,2002-Ohio-3373, 2002 Ohio App. LEXIS 3367.
 {¶ 25} When a trial court decides to impose consecutive sentences under R.C. 2929.14, the court also must follow the requirements set forth in R.C. 2929.19(B). State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232. Pursuant to R.C. 2929.12(B)(2)(c), the trial court is to justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting this sentence. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487. The trial court must state on the record its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c);Jones, supra. The reasons are the court's provision of a factual explanation setting forth the basis for the findings. Edmonson, supra.
 {¶ 26} At the sentencing hearing, the trial court found that the factors indicating the offense is more serious included that the injury was exacerbated by the age of the victims, who each suffered psychological harm, and that appellant used his position of trust to facilitate the commission of the offenses. The court found none of the factors indicating less serious conduct to be present. The court further found that the recidivism factors of committing some of the offenses while under community sanction and a lack of genuine remorse to be present. None of the factors indicating that recidivism was less likely were found.
 {¶ 27} The court found that consecutive sentences were necessary to protect the public and punish appellant. Consecutive terms were not disproportionate to appellant's conduct and the harm caused was so great or unusual that a single term does not adequately reflect the seriousness of appellant's conduct. The court stated that each of the four victims would be represented in the sentencing.
 {¶ 28} Appellant argues that the trial court did not specify that the reasons stated at the sentencing hearing were in support of the imposition of consecutive sentences, rather than because more than the minimum term was given. However, the court did state in its judgment entry that "for the reasons stated on the record" it was imposing consecutive sentences. The context is following a series of factual observations made by the court, referencing the shortest prison term. Presumably, the court was referencing these same facts in imposing consecutive sentences.
 {¶ 29} The court stated it considered the victim impact statements, the in-court statements made by the parents of the victims, the pre-sentence report, and the psychologist's report in arriving at its determination of an appropriate sentence. That evidence shows that appellant abused his twelve-year old daughter by kissing her on the lips and inserting his tongue into her mouth on more than one occasion. Appellant touched his daughter's breast over her clothing. Appellant rubbed the legs of his daughter's friend in a suggestive way while the friend, appellant, and his daughter were in a hot tub. Appellant continued to touch the girl's leg even after being repeatedly asked to stop. Appellant touched the breasts of two different friends of his daughter.
 {¶ 30} The trial court provided the necessary statutory findings. The reasons given by the court included appellant's lack of remorse, the young age of the victims, appellant's abuse of his relationship with the victims, the psychological harm suffered by the victims, and that four victims were involved. The record supports the trial court's reasons. Appellant repeatedly abused his own daughter and her friends while minimizing his conduct. The trial court's imposition of consecutive sentences is supported by the evidence. Appellant's third assignment of error is overruled.
 {¶ 31} In his fourth assignment of error, appellant argues that the determination that he is a sexual predator is not supported by sufficient evidence. Appellant argues that, because he had not been convicted of any previous offense involving sexual misconduct and that nothing in his brief criminal record would indicate he is likely to commit sexual offenses in the future, the sexual predator determination is not supported by clear and convincing evidence. Appellant claims that the offenses took place over a fairly short period of time and that he has been receiving treatment for his behavior.
 {¶ 32} A trial court's sexual predator determination will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision. State v. Cook (1998),83 Ohio St.3d 404. An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the determination must be reversed and a new trial ordered. State v. Swank, 11th Dist. No. 98-L-049, 2001-Ohio-8833, 2001 Ohio App. LEXIS 5846.
 {¶ 33} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 34} In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 35} A trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. A trial court may rely on one factor more than others in determining if an offender qualifies as a sexual predator. State v. King (Dec. 29, 2000), 11th Dist. No. 99-G-2237, 2000 Ohio App. LEXIS 6191. Even if only one or two statutory factors are present, the trial court may find the offender to be a sexual predator if the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a sexually oriented offense in the future. The trial court must reference the relevant factors in the judgment entry or on the record, but need not delineate the underlying reasons why it found certain factors applicable. Swank, supra. The record should include the particular evidence relied upon by the trial court in deciding an offender is a sexual predator. State v. Eppinger (2001), 91 Ohio St.3d 158, 166.
 {¶ 36} In support of its determination, the trial court found that appellant was 42 years of age at the time of the commission of the offenses, three of the victims were 12 years old while the fourth was 13 years old, the sexually oriented offenses involved multiple victims, including appellant's biological daughter, and that the sexual contact was a part of a demonstrated pattern of abuse.
 {¶ 37} A reviewing court applies a weight of the evidence analysis to a sexual predator determination. There is evidence in the record supporting the trial court's findings. Appellant would initiate the sexual conduct during his visitation with his daughter and when her friends would spend the night. The conduct took place over a period of several months. Further, appellant took advantage of the girls' youth and his position of trust to further his sexual abuse.
 {¶ 38} We note that the trial court did find, in its judgment entry, that appellant previously had been convicted of a sexually oriented offense when he had not. However, the overall record supports the determination that appellant is a sexual predator. Appellant's fourth assignment of error lacks merit.
 {¶ 39} During oral argument, appellant withdrew his fifth assignment of error pertaining to his motion to vacate court costs. We note that the case appellant relied upon, State v. Heil (Mar. 30, 2001), 11th Dist. No. 2000-G-2268, 2001 Ohio App. LEXIS 1552, was vacated for lack of a final appealable order. See State v. Heil, 95 Ohio St.3d 531,2002-Ohio-2841. Appellant has withdrawn his final assignment of error. The argument in support of the fifth assignment of error in appellant's brief will be disregarded for purposes of the appeal. The judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., concurs.
JUDITH A. CHRISTLEY, J., concurs in judgment only.