Defendant, Darrell Breeding, appeals from his conviction and sentence for felonious assault, which were entered on his guilty plea. Breeding presents two assignments of error.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT FIRST DETERMINING THAT APPELLANT WAS AWARE OF THE MAXIMUM PENALTIES FOR THE OFFENSE TO WHICH HE WAS PLEADING AS IS REQUIRED UNDER OHIO CRIMINAL RULE 11(C) AND THE DUE PROCESS CLAUSE OF THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ERRED TO THE PREJUDICE OF APPELLANT UNDER OHIO CRIMINAL RULE 11(C) BY ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT FIRST DETERMINING THAT APPELLANT UNDERSTOOD THE NATURE OF THE CHARGE TO WHICH HE WAS PLEADING.
Crim. R. 11(C) provides that a court "shall not accept a plea of guilty or no contest without first addressing the defendant personally and . . . (a) [d]etermining that the defendant is making the plea . . . with (an) understanding of the nature of the charges and the maximum penalty involved . . ." Concerning a like provision in Juv.R. 29 (D), this court held that it requires the court to determine that the accused possesses a subjective understanding of the matters set out in the rule.In the Matter of Nicholas Hudson (Dec. 31, 1997), Miami App. No. 97CA16, unreported. Further,
 "Neither his general statement that he does understand them, nor his execution of a document explaining any of them, exemplifies the subjective understanding that the determination necessarily involves. A more specific inquiry is required."
Id.
The record reflects that the trial was set to commence when the court was advised that the State and the Defendant had reached a plea agreement. The prosecuting attorney recited the agreement and Breeding's attorney acknowledged that the statement was correct and complete. The following colloquy then ensued:
 THE COURT: Mr. Breeding, did you understand this plea agreement?
THE DEFENDANT: Yes, sir.
 THE COURT: Have you discussed the facts of this case with your attorney?
THE DEFENDANT: Yes, sir.
 THE COURT: Have you talked to Mr. Stewart about the facts of this case?
THE DEFENDANT: Yes, sir.
 THE COURT: All right. Do you understand the nature of the charge against you?
THE DEFENDANT: Yes, sir.
 THE COURT: All right. Do you understand under this plea agreement, the State of Ohio is dismissing Counts 2 and 3. Those are charges of tampering with evidence and discharging a firearm. The State is also dismissing the specifications in Count 1 which is the felonious assault.
 Your attorney's entering a guilty plea on your behalf to the charge of felonious assault contained in Count 1 as amended. That charge of felonious assault is an aggravated felony of the second degree.
 When you plead guilty, you're admitting you committed the offense; and you're subject to a maximum penalty of eight years minimum to 25 years maximum in the —
MR. SMITH: I'm sorry, Your Honor —
 THE COURT: I'm sorry. Eight years minimum to 15 years maximum in the state penitentiary and a fine of 2,500 dollars.
 Under the plea agreement the State of Ohio is requesting a minimum sentence of 3 years to 15 years in the state penitentiary. The offense is nonprobationable. The Court cannot give probation.
 The Court will sentence you to 3 years to 15 years as recommended under the plea agreement. Do you understand that?
THE DEFENDANT: Yes, sir.
 THE COURT: Do you want to enter this guilty plea?
THE DEFENDANT: Yes, sir.
THE COURT: Is it a voluntary plea by you?
THE DEFENDANT: Yes, sir.
 THE COURT: Do you understand the nature of the charge and the consequence of the plea?
THE DEFENDANT: Yes, sir.
 THE COURT: Do you understand you have a right to have a trial by a jury.
 You have a right to require that the State of Ohio prove you guilty beyond a reasonable doubt by the unanimous verdict of a jury.
 You have a right to confront any witnesses against you. You have a right to compel the attendance of any witnesses on your behalf.
 And you have a right against self-incrimination. You cannot be required to testify against yourself.
 These rights are given up when you plead guilty at this time.
Do you understand that?
 THE COURT: I'll accept the guilty plea on the amended Count 1 and dismiss Counts 2 and 3.
On disposition is there a statement?
(T. Pp. 5-8).
Literal compliance with the requirements of Crim.R. 11(C) is the preferred method of accepting a guilty plea. State v.Caudill (1976), 48 Ohio St.2d 342. State v. Nero (1990),56 Ohio St.3d 106. However, literal compliance is not an absolute requirement; substantial compliance will suffice. State vStewart (1977), 51 Ohio St.2d 56. State v. Strawther (1978),56 Ohio St.2d 298. State v. Nero, supra. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the consequences of his plea and the rights he is waiving. Stewart, supra. Nero, supra.
In support of his first assignment of error, Breeding argues that the court necessarily failed to inform him of the maximum fine applicable to his offense, which is $8,500, when it stated that the maximum is $2,500. We agree. However, the court imposed no fine at all, which rebuts the presumption of prejudice that arises from a failure to comply with Crim.R. 11(C) in that respect. Absent such prejudice, reversal is not warranted. State v. Stewart, supra. The first assignment of error is overruled.
In support of his second assignment of error, Breeding argues that the record is bereft of any basis from which the court could reasonably determine that Breeding understood the nature of the charge to which he would enter a guilty plea. We agree. The court did not explain the nature of the charge to Breeding. Therefore, neither of Breeding's general acknowledgments that he did understand the nature of the charge exemplifies the subjective understanding on his part necessary to the determination that Crim.R. 11(C) requires the court to make. The second assignment of error is sustained.
 Conclusion
Having sustained the second assignment of error, we will reverse Defendant-Appellant Breeding's conviction and sentence and remand the case for further proceedings on the charges set out in the indictment.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
David E. Smith, Esq. Daniel J. O'Brien, Esq. Hon. Gerald F. Lorig