OPINION
Defendant, Alonzo Moorefield, appeals from his conviction and sentence on nine counts of passing bad checks.
Alonzo Moorefield was indicted on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(2), and nine counts of passing bad checks in violation of R.C. 2913.11. Pursuant to a negotiated plea agreement, Moorefield subsequently pled guilty to the nine counts of passing bad checks in exchange for the State's dismissal of the two counts of engaging in a pattern of corrupt activity. Moorefield was convicted on his pleas.
The trial court sentenced Moorefield to one year imprisonment on each of the nine counts. The court divided the counts into three distinct groups. Counts three, four, and five were grouped together and run concurrently. The same is true for counts six, seven and eight, and also for counts nine, ten and eleven. Each of the three groups, however, run consecutively for a total of three years imprisonment.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA TO NINE COUNTS OF PASSING BAD CHECKS IN THAT SAID PLEA WAS NOT ENTERED KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY.
Moorefield argues that the trial court erred when it failed to comply with several of the provisions of Crim.R. 11(C) when it accepted his guilty pleas. That Rule provides, in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
* * *
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
Moorefield first argues that the court failed to inform him of his rights to have compulsory process and his right against self-incrimination in the manner that Crim.R. 11(C)(2(b) requires. Those rights are rights of a constitutional dimension. Boykin v.Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Failure to use the exact language of Crim.R. 11(C) in informing a defendant of these rights is not grounds for vacating a guilty plea as long as the record shows that the trial court explained those rights in a manner reasonably intelligible to the defendant involved. State v. Ballard (1981), 66 Ohio St.2d 473.
With respect to his rights to have compulsory process and against self-incrimination, the record contains the following colloquy:
 "THE COURT: If your pleas of guilt are accepted you're giving up certain Constitutional rights. Those include the right to a jury trial, the right to face those who accuse you and cross examine them, the right to remain silent, the right to make the State prove you guilty and the right to make witnesses attend and testify.
 Do you understand that you give up all those rights by entering pleas of guilty?
THE DEFENDANT: Yes, I do."
(T. 4).
The court's explanation that Defendant-Appellant would, by his plea, waive his "right to remain silent" and his "right to make witnesses attend and testify" explained the rights involved in a functional sense which, in our view, was fully sufficient to make them reasonably intelligible to Defendant-Appellant. Therefore, no violation of Crim.R. 11(C)(2)(b) is demonstrated in the respects alleged.
Moorefield also complains that the court failed to comply with the requirements of Crim.R. 11(C)(2)(a) in determining his understanding of the nature of the charges to which he would enter his plea. In support of this claim, Moorefield points to a clerical error in the written plea agreement that misidentified the numerical designation of the offense. The written agreement identified the multiple Passing Bad Checks charges to which Moorefield would plead guilty as violations of R.C. 2923.32(A), which prohibits Engaging in a Pattern of Corrupt Activity. Passing Bad checks is, instead, defined and prohibited by R.C.2913.11(A), which states:
 No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored.
Crim.R. 11(C) imposes no requirement that pleas of guilty or no contest be memorialized by written agreement. However, pursuant to Crim.R. 11(F), any underlying agreement upon which the plea is based must be stated in open court. When that recitation, oral or written, misstates a matter of which the defendant must have an understanding in order to properly enter a plea, a potential Crim.R. 11(C) violation is presented.
The record portrays the following oral statements, which were made with respect to the nine charges to which Moorefield would enter a plea.
 "THE COURT: Case number is 98CR-26. State of Ohio versus Alonzo Moorefield. Prosecutor, Defendant, Defense Counsel are present. Case is for plea disposition.
Did the prosecutor wish to make statement?
 MR. SELVAGGIO: Yes, Your Honor, if it please the Court, Miss Weithman, we would ask the Court to accept the Defendant's pleas of guilt to Counts 3 through 11 of the indictment which is passing bad checks. Those are felonies of the fifth degree.
 The Defendant has agreed to make restitution on the nine checks in the amount total of $18,133.74.
 The State requests Counts 1 and 2 be dismissed. And that is the only promise that has been made to the Defendant.
 THE COURT: Thank you. Did the defense counsel wish to add anything to the prosecutor's statement?
 MISS WEITHMAN: No, Your Honor. I believe that's a correct statement.
 THE COURT: Thank you. Could you hear what the lawyers had to say, Mr. Moorefield?
THE DEFENDANT: I did, sir.
 THE COURT: Did they say anything you didn't understand?
THE DEFENDANT: No, sir." (T. 2)
* * *
 THE COURT: Are you admitting that on or about the time periods mentioned in each of the indictments Counts 3 through 9 that you did commit the crime charged with passing bad checks in Champaign County?
THE DEFENDANT: Yes." (T. 7).
In order to obtain a reversal of a conviction resulting from a guilty plea in which the court allegedly failed to determine the defendant's understanding of the charges involved, the defendant must demonstrate that he was prejudiced by that failure. State v.Strawther (1978), 56 Ohio St.2d 298. Defendant-Appellant has not attempted to demonstrate any such prejudice.
The written plea agreement merely misstated the numerical section of the Revised Code which defines the offense of Passing Bad Checks. The error did not misstate the name or identity of the offense itself. Indeed, the oral plea colloquy, quoted above, is unequivocal with respect to the charge to which Moorefield would enter a no contest plea, which was Passing Bad Checks, not Engaging in a Pattern of Corrupt Activity. Therefore, we cannot find that Defendant-Appellant was prejudiced by the error involved.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY IMPOSING A SENTENCE OF TWELVE MONTHS ON EACH OF THE NINE COUNTS OF VIOLATIONS OF SECTION 2923.32(A)91) OF THE OHIO REVISED CODE, A SENTENCE INCONSISTENT WITH SECTION 2929.14 OF THE OHIO REVISED CODE.
In its journal entry of conviction and sentence, the trial court sentenced Moorefield to one year imprisonment on each of the nine counts of violating "R.C. 2923.32(A)(1)." Moorefield asserts that this was error because a violation of R.C. 2923.32(A)(1) constitutes a felony of the second degree, and a term of one year imprisonment is not a permissible sentence for that level of offense per R.C. 2929.14.
While the trial court's journal entry of conviction and sentence correctly lists both the name of the offense to which Moorefield pled guilty, Passing Bad Checks, and the degree of that offense, a felony of the fifth degree, there is a clerical error in the applicable Revised Code Section, which is incorrectly identified as R.C. 2923.32(A)(1) instead of R.C. 2913.11. Moorefield did not object to this error in the trial court. More importantly, the sentence imposed by the trial court, one year imprisonment on each count, was a proper sentence for a felony of the fifth degree. R.C. 2929.14(A)(5).
At the time of entering his guilty plea, Moorefield was advised and understood that the potential sentence he faced was six to twelve months imprisonment on each count. Furthermore, we note that, but five days after issuing its journal entry of conviction and sentence, the trial court issued a separate judgment entry correcting its clerical mistake in denoting the Revised Code Section violated per Crim.R. 36. The sentence imposed was not improper, therefore, and Moorefield suffered no prejudice as a result of the trial court's clerical error.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO THE MAXIMUM SENTENCE ON EACH OF THE NINE COUNTS TO WHICH APPELLANT PLED GUILTY.
Moorefield argues that the trial court's sentence was too harsh and that the court "abused its discretion" by imposing the maximum sentence on each count, inasmuch as no one was physically injured by these offenses, Moorefield cooperated with authorities when arrested, and he agreed to pay restitution.
The permissible sentencing range for a felony of the fifth degree is six to twelve months. R.C. 2929.14(A)(5). However, after considering the purposes of felony sentencing per R.C.2929.11, and the factors made relevant thereto by R.C. 2929.12, the trial court entered the findings required to overcome the presumption against a term of imprisonment for a felony of the fifth degree in R.C. 2929.13(B). The court then imposed the maximum sentence authorized for the offense, per R.C. 2929.14(B) and (C). In that regard the trial court stated:
 The longest basic prison term was imposed because the offender committed the worst form of the offense. To sentence to any less term would demean the seriousness of the offense and would not adequately protect the public. The Defendant imposes greatest likelihood of committing future crimes.
 Consecutive terms are imposed because it is necessary to protect the public and punish the offender and consecutive sentencing was not disproportionate to the conduct and to the danger the offender poses. The offender's criminal history shows that consecutive terms are needed to protect the public.
 The Court has considered and weighed the statutory sentencing factors and makes the following findings.
 The factors that determine the more serious offense is that:
 1. The offender acted as part of organized criminal activity, and
 2. The offender acted for profit. The offender has an extensive history of obtaining gain from theft and deception.
 The factors that determine that recidivism is more likely are:
 1. The Defendant has a history of criminal convictions and delinquency adjudications.
 2. The Defendant has not responded favorably to sanctions previously imposed, and
3. The Defendant shows no genuine remorse.
An "abuse of discretion" connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
We find no error of law on the part of the trial court with respect to its sentence, much less anything approaching an abuse of discretion.
The third assignment of error is overruled.
Having overruled the assignments of error, we will affirm the judgment of the trial court.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Jack W. Whitesell, Jr., Esq.
S. Todd Brecount, Esq.
Hon. Roger B. Wilson