OPINION
{¶ 1} Defendant-appellant, Joshua C. Rader, appeals the judgment of the Lake County Court of Common Pleas, finding him guilty of Misuse of Credit Cards and three counts of Telecommunications Fraud and sentencing him to an aggregate prison term of twenty-two months, to be served consecutively with the sentence in Lake County Court of Common Pleas Case No. 05-CR-000597. For the following reasons, Rader's convictions and sentence are affirmed. *Page 2 
 {¶ 2} On June 22, 2005, Rader was indicted on one count of Misuse of Credit Cards, a felony of the fifth degree in violation of R.C.2913.21(B)(2), and seven counts of Telecommunications Fraud, felonies of the fifth degree in violation of R.C. 2913.05.
 {¶ 3} On October 21, 2005, Rader entered pleas of guilty to Misuse of Credit Cards and to three counts of Telecommunications Fraud.
 {¶ 4} On November 30, 2005, the trial court sentenced Rader to prison terms of eleven months for each of the four convictions with the sentences for the Telecommunications Fraud convictions to be served concurrently to each other but consecutively to the sentence for Misuse of Credit Cards, for an aggregate prison term of twenty-two months. The court ordered the sentence in the present case to be served consecutively with a seventy-four month sentence imposed in Lake County Court of Common Pleas Case No. 05-CR-000597. Rader's aggregate prison term between the two cases is ninety-six months. In imposing greater-than-minimum and consecutive sentences, the trial court made certain findings pursuant to R.C. 2929.14(B) and R.C. 2929.14(E).
 {¶ 5} The court further ordered Rader to pay restitution in the amount of $2,472.94 to the Lake County Clerk of Courts, on behalf of victim Thomas Talty, and/or EFS National Bank.
 {¶ 6} On November 20, 2006, Rader filed a motion for leave to file a delayed appeal. On January 29, 2007, Rader was granted leave and appellate counsel was appointed to represent Rader in the prosecution of the appeal.
 {¶ 7} On June 7, 2007, appointed counsel filed a Motion to Withdraw, as counsel, on the grounds of counsel's belief that the appeal of this case would be "wholly frivolous." Anders v. California (1967),386 U.S. 738, 744 ("if counsel finds his case to *Page 3 
be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw"). Counsel also filed Appellant's Merit Brief, in which he identified three possible assignments of error.
 {¶ 8} Rader's appointed counsel failed to serve Rader with copies of his Motion to Withdraw and Appellant's Merit Brief, as required byAnders and Local Appellate Rule 3(C)(3)(a). Accordingly, this court refrained from ruling on counsel's motion until he complied withAnders and Local Appellate Rule 3(C)(3)(a).
 {¶ 9} On October 11, 2007, counsel filed a new Motion to Withdraw and Merit Brief and served Rader with copies. This court then granted Rader thirty days to raise any additional arguments on behalf of his appeal. Rader has not done so and, thus, we will proceed to "conduct `a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.'" Penson v. Ohio (1988), 488 U.S. 75, 80, quotingAnders, 386 U.S. at 744.
 {¶ 10} Three Possible Assignments of Error have been identified:
 {¶ 11} "[1.] Appellant, Joshua C. Rader, did not intelligently, knowingly, and voluntarily enter his plea of guilty.
 {¶ 12} "[2.] The trial court erred by imposing more than the minimum sentence allowable on the appellant, thereby violating the appellant'sSixth Amendment rights under the United States Constitution.
 {¶ 13} "[3.] Appellant, Joshua C. Rader, had ineffective assistance of counsel at the trial court level."
 {¶ 14} Considering the first proposed assignment of error, "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea *Page 4 
unconstitutional under both the United States Constitution and the Ohio Constitution." State v. Engle, 74 Ohio St.3d 525, 527 (citations omitted).
 {¶ 15} The Ohio Rules of Criminal Procedure mandate that "the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2).
 {¶ 16} "In accepting a written plea of no contest to a felony charge, the trial court must adhere scrupulously to the provisions of Crim. R. 11(C)(2)." State v. Caudill (1976), 48 Ohio St.2d 342, paragraph one of the syllabus. The purpose of Crim.R. 11(C)(2) is "to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial" and to "inform the defendant of other rights and incidents of a trial." State v. Ballard (1981), 66 Ohio St.2d 473, 480 (citation omitted). *Page 5 
 {¶ 17} A review of the change of plea hearing transcript and Written Plea of Guilty in the present case demonstrates that the trial court adhered scrupulously to the provisions of Crim. R. 11(C)(2). The court addressed Rader directly, advising and explaining to Rader the elements of the crimes to which he was pleading, his right to trial, his right to representation, the State's burden of proof, his right to summon and confront witnesses, the privilege against self-incrimination, his right to appeal, the effect of a guilty plea, the potential prison terms, fines, and restitution, post release control and community control sanctions. The State detailed the factual basis of the charges to which Rader was pleading. Rader represented to the court that he was entering his plea freely and voluntarily and that he was satisfied with trial counsel's representation.
 {¶ 18} The first potential assignment of error is wholly frivolous and without merit.
 {¶ 19} The second and third potential assignments of error will be considered jointly. The trial court sentenced Rader to a greater-than-minimum prison term after making findings pursuant to R.C.2929.14(B), and imposed consecutive sentences on Rader after making findings pursuant to R.C. 2929.14(E). Subsequent to Rader's sentencing hearing, on February 27, 2006, the Ohio Supreme Court struck down both statutes as unconstitutional for requiring the court to engage in impermissible "fact finding." State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, paragraphs one and three of the syllabus. In decidingFoster, the Ohio Supreme Court followed the decision of the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296. The result of Foster is that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. *Page 6 
 {¶ 20} The Supreme Court further stated that its ruling inFoster would apply to cases "pending on direct review." Id. at ¶ 104. At the time Foster was decided, Rader had not yet filed his motion for delayed appeal. Thus, Rader's case was not pending and Foster is not applicable.
 {¶ 21} It could be argued that Rader received ineffective assistance of counsel on the grounds that trial counsel failed to raise the issue of the constitutionality of Ohio's felony sentencing statutes, after the United States Supreme Court decided Blakely v. Washington (2004),542 U.S. 296. Such an argument, however, is utterly without merit.
 {¶ 22} The Ohio Supreme Court has held "[counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, following Strickland v. Washington (1984),466 U.S. 668. Moreover, "`a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, * * * that course should be followed.'" Id. at 143, quoting Strickland, 466 U.S. at 697.
 {¶ 23} With respect to the failure of trial counsel to raise theBlakely argument, the Ohio Supreme Court has held such error does not rise to the level of plain error, because it entails no actual prejudice to the defendant. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 25. In Payne, the Ohio Supreme Court observed that "Foster represents a Pyrrhic victory for * * * defendants affected by its holding. Although defendants were successful in arguing the unconstitutionality of the sections of the *Page 7 
statues that required judicial findings for the imposition of higher than minimum sanctions, we did not adopt their proposed remedy of mandatory minimum sentences. Since Foster, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion." Id.
 {¶ 24} Thus, were Rader "to be resentenced, nothing in the record would hinder the trial court from considering the same factors it previously had been required to consider and imposing the same sentence or even a more stringent one." Id. at ¶ 26.
 {¶ 25} The second and third potential assignments of error are wholly frivolous and without merit.
 {¶ 26} After a thorough and independent review of the record, including the transcripts, presentence investigation report, and other submissions, we hold the trial court did not err in accepting Rader's plea or in imposing sentence. Thus, there are no arguable legal points on the merits of this matter. Counsel's motion to withdraw is granted. The judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1