THE STATE OF OHIO, APPELLEE, v. SHEPCARO, APPELLANT.
THE STATE OF OHIO, APPELLEE, v. DISBROW, APPELLANT.

[Cite as State v. Shepcaro (1975), 45 Ohio App. 2d 293.]

(No. 75AP-204—Decided September 23, 1975.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Alan C. Travis*, for appellee.
*Mr. Donald B. Ruben*, for appellants.

STRAUSBAUGH, P. J. These cases are before us on appeal by defendants from convictions in the Court of Common Pleas for the following offenses: keeping a place for the illegal possession of hallucinogens (marijuana), R. C. 3719.47; possession of an hallucinogen for sale (marijuana), R. C. 3719.44(B); and possession of an hallucinogen (marijuana), R. C. 3719.41.

The facts are agreed to between the parties. On February 11, 1974, Officer Mattingly applied for and received a search warrant authorizing a nighttime search of the premises known as 170 E. Oakland, first floor apartment, from a judge of the Municipal Court. At the time that Officer Mattingly appeared before the judge, he gave oral testimony in addition to what was contained in the supporting affidavit and other parts of the search warrant. However, the oral testimony was not recorded or transcribed and there is no evidence that the officer was sworn prior to, or at the conclusion of his oral testimony. Pursuant to the search warrant, Officer Mattingly along with several other

Columbus police officers from the narcotics bureau arrived at the university area sometime after 9 p. m. on February 11, 1974. Finding the apartment unoccupied, the officers forcibly entered the premises and seized a small amount of marijuana and other items which form the basis of the indictment in the present case.

Upon their arraigment the defendants pleaded not guilty. Defendants informed the court of the prosecutor's intention to use the obtained evidence at trial and filed a motion to quash the search warrant and suppress all evidence seized. At the hearing on the motion to suppress, defendants argued that the legal and constitutional sufficiency of the search warrant must be determined from the face of the warrant according to Crim. R. 41(C), that the warrant authorizing a nighttime search was improper and the nighttime search was illegal in that the warrant on its face did not contain facts showing the special need for a nighttime warrant. Counsel for the state said that oral testimony would be provided to the court at the motion-to-suppress hearing on the need for a nighttime search.

The defense objected to the introduction of any oral testimony given by the police officer at the time of the issuance of the warrant because the oral testimony was not transcribed or recorded in conformity with Crim. R. 41(C) and the search warrant was deficient on its face. The defense also maintained that the supporting affidavit to the search warrant used the term hallucinogen as the key factor in terms of what the informant saw and yet the other portions of the search warrant dealing with what the officer had good cause to believe was secreted on the premises did not contain any type of hallucinogenic drug and, therefore, there was a serious question on the face of the warrant as to whether or not there was any type of nexes between the information given and whether or not there was that type of violation occurring at the premises. The defense further argued that there was no showing that the officer had been previously sworn, or had in fact given sworn oral testimony to the issuing judge and, for that additional reason, such oral testimony should not be admissible.

The trial court ruled that the oral testimony was ad-

missible at the motion-to-suppress hearing and that, since the officer had sworn to the supporting affidavit, it could be inferred that he was sworn prior to his giving the oral testimony. The court further ruled that with the oral testimony there was sufficient reason shown for the nighttime search and that supporting affidavits to the search warrant were sufficient by way of showing probable cause, thus overruling defendants' motion to suppress.

The defendants then withdrew their previous pleas of not guilty and entered pleas of no contest; whereupon, the court found the defendants guilty of the charges in the indictment, and later sentenced them. It is from this judgment that this appeal is taken.

Defendants' assignments of error are as follows:

"I. The Trial Court erred in overruling Defendant-Appellants' motion to suppress evidence obtained by an illegal search and seizure in violation of Defendant-Appellants' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

"A. The Trial Court erred in allowing over objection the introduction of oral testimony in support of the search warrant at the motion to suppress hearing when such oral testimony had not been taken down by a court reporter or recording equipment, transcribed and made part of the affidavit to the search warrant at the time of the issuance of the search warrant as constitutionally required by Criminal Rule 41(C).

"B. A nighttime search of the premises was constitutionally improper when the search warrant authorizing such nighttime search did not contain any special circumstances based on reasonable cause shown for the issuance of a nighttime warrant.

"C. The search warrant was improperly issued in violation of Defendant-Appellants' constitutional rights when the supporting affidavit to the search warrant based entirely on hearsay declarations of an unidentified informant did not contain facts sufficient to establish probable cause that the contraband sought was located at Defendant-Appellants' premises at the time of the issuance of the search warrant."

The affidavit upon which the search warrant was based is as follows:

"Before me, the undersigned, a Judge of Franklin County Municipal Court, Columbus, Ohio, personally appeared Harold Mattingly who being duly sworn according to law, deposes and says that he has good cause to believe and does believe that opiates, amphetamines, barbiturates, dangerous drugs, other drug related paraphernalia, rent receipts or papers showing ownership, are being kept in a certain building or room or location or vehicle known as 170 E. Oakland, first floor apartment, in said City of Columbus, Ohio, in violation of Section 3719.44B.

"The facts upon which such belief is based are as follows:

"Information received by Officer Mattingly from a reliable informant who has given factual information in the recent past said informant stated that said informant has seen hallucinogenic drugs inside 170 E. Oakland, first floor Apt., within the past 72 hours.

"A search in the nighttime (8:00 p. m. to 7:00 a. m.) is requested based upon the following reasonable cause (if not applicable cross out) * * *."

Both the prosecution and the defense concede that based upon the laws set forth by this court in *State* v. *Karr*, Franklin County No. 74AP-296, unreported, December 17, 1974, and *State* v. *Stevenson*, Franklin County No. 74-AP-331, unreported, December 17, 1974, and *State* v. *Mitchell*, Franklin County No. 74AP-324, unreported, December 17, 1974, the affidavit herein is insufficient alone to form the basis for the issuance of the search warrant herein. The principal issue before us is whether Crim. R. 41(C) is mandatory and exclusive in its restriction in the use of oral testimony. That rule reads as follows:

"A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and

state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. Before ruling on a request for a warrant, the judge may require the affiant to appear personally, and may examine under oath the affiant and any witnesses he may produce. Such testimony shall be admissible at a hearing on a motion to suppress if taken down by a court reporter or recording equipment, transcribed and made part of the affidavit. The warrant shall be directed to a law enforcement officer. It shall command the officer to search, within three days, the person or place named for the property specified. The warrant shall be served in the daytime, unless the issuing court, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at time other than daytime. The warrant shall designate a judge to whom it shall be returned."

Addressing first the question raised by the fact that there is no affirmative showing in this case that the officer had been previously sworn or had given sworn oral testimony to the issuing judge in addition to the sworn statement contained in the affidavit. We agree with the court in *Tobasko* v. *Barton* (C. A. 6, 1972), 472 F. 2d 871 (certiorari denied May 21, 1973), wherein the court held that any information relied upon to establish probable cause must, in order to conform to the Fourth Amendment, be upon probable cause supported by oath or affirmation. The court held that where no oath or affirmation to support the oral evidence relied upon is found, there is no need to decide to what degree, if any, the subsequent admissibility of oral evidence before the magistrate depends upon some form of contemporaneous record. In other words, we find that where supplemental sworn oral testimony is relied upon by the prosecution to justify the issuance of a search warrant,

it is necessary for the prosecution to show that such additional testimony was given under oath rather than relying upon an inference that this was the case.

Crim. R. 41(C) is clear in requiring that supplemental testimony taken orally by the judge from an affiant will not be admissible at a hearing to suppress unless that testimony has been recorded by a court reporter or recording equipment, transcribed and made a part of the affidavit. If it is not so recorded and transcribed, it will not be admissible at a hearing on a motion to suppress. Of course, an alternate method which may be used, particularly in the event that a court reporter or recording equipment is not readily available, is to have the affiant execute a supplemental affidavit containing the additional required facts upon which the issuance was based. By one of these permissible methods, the record of the basis of the issuance of the search warrant is properly preserved. While the rules for the issuance of a search warrant may be too technical for exact compliance by the officer, it should be remembered that the final product must be scrutinized and given the stamp of approval by a magistrate trained in the law.

We further find that the burden of proof with regard to the admission of such sworn testimony into evidence is upon the prosecution, if it is necessary, in order to sustain the issuance of the search warrant and no burden is on the defendant to adduce such sworn testimony upon cross-examination. Therefore, for the reasons stated above, defendants' assignments of error A and C are sustained. Inasmuch as we find that the issuance of the search warrant was not proper, a nighttime search of the premises was also improper under Crim. R. 41(C), and, therefore, assignment of error B is sustained. The judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceedings under the law as set forth in this decision.

*Judgment reversed and cause remanded.*

REILLY and McCORMAC, JJ., concur.