[Cite as *State v. McKeithen*, 2019-Ohio-493.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAJUAN A. McKEITHEN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 CO 0014**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2014 CR 340

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
AFFIRMED

---

*Atty. Scott Essad*, 721 Boardman-Poland Road, Suite 201, Youngstown, Ohio 44512, for Appellant and

*Atty. John Gamble*, 105 South Market Street, Lisbon, Ohio 44432, for Appellee.

Dated:  February 5, 2019

**BARTLETT, J.**

{¶1} This is an appeal following the Defendant-Appellant's guilty plea and sentencing hearing. Appellant contends that the trial court failed to properly advise him of his right to confront witnesses/accusers against him at his plea hearing, in violation of Criminal Rule 11. As a result, Appellant alleges that his plea was not entered knowingly, intelligently and voluntarily. The Appellant further contends that the trial court's holding on a motion to suppress, which occurred several months before Appellant's guilty plea, should be reversed.

{¶2} For the following reasons, Appellant's assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶3} Defendant-Appellant JaJuan A. McKeithen (hereinafter "Appellant"), was indicted on September 17, 2015 for possession of heroin, a 1st degree felony in violation of R.C. 2925.11(A). There was a forfeiture specification with the indictment concerning $1,061 that Appellant had with him which was used or intended to be used to sell or purchase heroin in violation of R.C. 2941.1417(A).

{¶4} Appellant pled not guilty.

{¶5} On August 3, 2016, a hearing was held on Appellant's motion to suppress regarding recorded telephone calls made by him to a third-party from a police department telephone while he was locked to a prisoner's bench. The trial court overruled the motion to suppress, finding that Appellant had no expectation of privacy in using a jailhouse telephone, especially when he had past "experience with phones in the prison system. . . ." (10/5/16 JE, pp. 16-17; Record on Appeal at p. 161).

{¶6} The matter was scheduled for trial on February 27, 2017. The case did not proceed to trial because Appellant changed his plea to guilty, and on March 8, 2017, a change of plea hearing was held. The trial court engaged in colloquy with Appellant prior to accepting his guilty plea. The relevant colloquy for this appeal pertains to the trial court's duty to advise the Appellant of his right to confront witnesses/accusers against him. The relevant colloquy occurred:

The Court:  By offering to plead guilty today, Mr. McKeithen, you are waiving or giving up certain constitutional rights.  You have a right to either a jury trial or a trial to the Court without a jury; do you understand that?

Mr. McKeithen:  Yes.

The Court:  And by offering to plead guilty, you are waiving or giving up your right to have a trial; do you understand that?

Mr. McKeithen:  Yes.

The Court:  By offering to plead guilty you are giving up your right to challenge any evidence or testimony that might be introduced against you at trial; do you understand that.

Mr. McKeithen:  Yes.

The Court:  By offering to plead guilty, you are giving up your right to call witnesses or have them subpoenaed to testify on your behalf at trial; do you understand that?

Mr. McKeithen:  Yes, I do.

The Court:  By offering to plead guilty, you are also giving up your right to testify and present evidence at trial on your own behalf; do you understand that?

Mr. McKeithen:  Yes.

The Court:  At trial you would have the right to remain silent, and if you chose to do so nobody could comment on that silence; do you understand that?

Mr. McKeithen:  Yes, I do.

The Court:  By offering to plead guilty, you are also giving up your right to remain silent.  You are also giving up your right against self-incrimination; do you understand that?

Mr. McKeithen:  Yes.

The Court:  If you had a trial the State of Ohio would have the burden of proving your guilt beyond a reasonable doubt on each element of the offense, as well as the specification; do you understand that?

Mr. McKeithen:  Yes, I do.

The Court:  By offering to plead guilty, you are waiving or giving up your right to require the State to prove your guilt beyond a reasonable doubt;

do you understand that?

Mr. McKeithen:  Yes, I do.

The Court:  And Mr. McKeithen, by offering to plead guilty, you are giving up your right to appeal any adverse decision that may have been made on any motions in this case; do you understand that?

Mr. McKeithen:  Yes, I do.

The Court:  By offering to plead guilty, you are also waiving your right to challenge any other violations of your rights that may have taken place under Ohio law or the United States Constitution; do you understand that?

Mr. McKeithen:  Yes, I do.

The Court:  Did Attorney Gillison review with you, Mr. McKeithen, your constitutional rights, as well as the constitutional rights you would be waiving or giving up by offering to plead guilty here today?

Mr. McKeithen:  Yes.

(3/8/17 Tr., pp. 11-14).

{¶7}   At the change of plea hearing, the trial court was advised that the Appellant had reviewed with his counsel the Felony Plea Agreement, the written Judicial Advice to Defendant[1], and his Response to the Court[2], and that he signed them voluntarily and did not have any questions.  (3/9/17 JE; 3/8/17 Tr., pp. 6-8).  The trial court held that based on the dialogue at the hearing, as well as the Felony Plea Agreement, the Judicial Advice to the Defendant, and the Defendant's Response to the Court, "the Court hereby finds that the Defendant has a knowing and intelligent understanding of the consequences of his change of plea including the nature of the charge, the minimum and maximum penalties and sanctions, including post release control, and the constitutional rights he is waiving."  (3/9/17 JE).

---

[1]  The Judicial Advice to Defendant states in pertinent part:  "If you had a trial, you would be able to confront all witnesses against you, face-to-face, and have your attorney cross-examine them to be sure they are telling the truth."  (Record at 190, ¶ 10).

[2]  Defendant's Response to Court states:  "Do you understand all of your constitutional rights?" Appellant responded "yes."  Appellant also responded "yes" to the questions of "Do you fully realize that, by your offer to plead guilty, you surrender the right to challenge everything that happened before you offered to plead guilty?;" and "Do you fully realize that, by your guilty plea, you give up the right to trial and all your other constitutional rights in connection with this case?"  (Record at 196-197, ¶ 6, 13, 14).

**First Assignment of Error:  The trial court erred when it failed to advise JaJuan McKeithen that he was waiving the right to confront witnesses against him.**

{¶8}  Guilty pleas are governed by Crim.R. 11.  The notice requirements for non-constitutional rights incorporated in Rule 11 are subject to a substantial compliance analysis, which looks to the totality of the circumstances to ascertain whether the defendant subjectively understood the implications of his plea and the rights he waived.  *State v. Rudai*, 7th Dist. No. 18 BE 0002, 2018-Ohio-4464, citing ¶ *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977).  Strict compliance is required when notifying the defendant of constitutional rights incorporated in Rule 11.  *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.  Among the constitutional rights listed in Crim R. 11(C)(2)(c) is the right "to confront witnesses against [the defendant]."

{¶9}  Appellant contends that the "right to confrontation" and the "right to challenge any evidence or testimony" are not the same and the trial court failed to inform Appellant of his right to confront witnesses against him.  In *State v. Martinez,* No. 03 MA 196, 2004-Ohio-6806, ¶ 13, this Court held that strict compliance with Crim.R. 11(C) was achieved where the "trial court informed [the defendant] of his right to a jury trial, his right to cross-examine witnesses, his right to subpoena witnesses on his own behalf, his right to refuse to testify against himself, and that the state would have to prove his guilt beyond a reasonable doubt."  In that case, the language did not verbatim recite the "right to confront witnesses against him or her" in Crim.R. 11(C), but rather stated the "right to cross-examine witnesses."    Similarly here, the trial court did not fail to inform the Appellant of his constitutional rights.  "Failure to use the exact language contained in Crim.R. 11(C) in informing a criminal defendant of his [constitutional rights that he is waiving], is not grounds for vacating a plea *as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant.*"  *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶

27 (emphasis added in original), citing *State v. Ballard,* 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), at paragraph two of the syllabus, modifying *State v. Caudill,* 48 Ohio St.2d 342, 346, 358 N.E.2d 601 (1976). "With that holding, we recognized that a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Id.*

{¶10} In *State v. Barker,* the Ohio Supreme Court held that the trial court's description of the defendant's constitutional right to compulsory process as the "right to call witnesses to speak on your behalf" was a reasonably intelligible explanation to the defendant of that constitutional right. *State v. Barker,* 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶¶ 15, 20. The *Barker* Court further stated "[t]he use of common, everyday words, including 'call,' instead of a rote recitation of legal terminology, can assist the defendant in understanding the rights forfeited by entry of a plea." *Id.* at ¶ 20.[3] This Court has acknowledged that "the oral colloquy does not need to contain a 'rote recitation' of Criminal Rule 11." *State v. Green,* 7th Dist. No. 02 CA 217, 2004-Ohio-6371, ¶ 15, citing *Ballard, supra.* In the instant case, the trial court did not fail to orally inform Appellant of his right to confront witnesses against him, but used language that differed from the exact wording of Crim.R. 11. The trial court's use of the phrase "right to challenge any evidence or testimony" is a reasonably intelligible explanation to Appellant of his "right to confront witnesses" in his case.

{¶11} This Court has similarly held that strict compliance with Crim.R. 11 was satisfied where the trial court used language that differed from the "right of compulsory process." *State v. Reynolds,* 7th Dist. No. 16 CO 0017, 2016-Ohio-8557, 77 N.E.3d 366, ¶ 16. The *Reynolds* Court held that the explanation to defendant that "he 'could require witnesses favorable to you to be here and testify and I [the trial court] would order them to do so' was sufficient to convey the meaning of the right to compulsory process, so as to strictly comply with Crim.R. 11(C)." *Id.*

{¶12} Also, the defendant in *Reynolds* had received the same documents as in the instant case, the document entitled "Judicial Advice to Defendant" from the trial court, and the worksheet entitled "Defendant's Response to the Court" which indicated

---

[3] Similarly here, the word "challenge" is a synonym of "confront."

the defendant's understanding of the rights he would be waiving by pleading guilty. *Id.* at ¶ 4. The Judicial Advice in this case memorialized Appellant's right to "confront all witnesses against [him], face-to-face, and have [his] attorney cross-examine them to be sure they are telling the truth." (Judicial Advice ¶ 10.) Paragraph 16 of the Judicial Advice reads, "If you plead guilty, you give up your right to trial and your defenses, and you will not get to confront witnesses against you * * *." In the Response to the Court, Appellant warranted that he understood "all of [his] constitutional rights" and that he was "giv[ing] up the right to trial and all [his] other constitutional rights in connection with this case." (Response ¶ 1, 14.) In *Green, supra*, we recognized that "[o]ral ambiguities in the oral colloquy can be reconciled in some cases by a written acknowledgement of the plea and waiver of the trial rights." *Id.* ¶ 15, citing *State v. Dixon,* 2nd Dist. No. 01 CA 17, 2001-Ohio-7075; see also *Barker, supra* at ¶ 24 (holding when a trial court addresses all the constitutional rights in the oral colloquy, a reviewing court is permitted to consider additional record evidence to reconcile any alleged ambiguity in it).

**{¶13}** Appellant attempts to analogize cases where the Rule 11 colloquy was completely absent of the required constitutional rights, and sought to use written plea agreements to make up for the lacking advisements.[4] Here, the trial court did not fail to orally advise Appellant of the right to confront witnesses, but used language that varied from the literal language in Crim.R. 11. The trial court used the phrase "right to challenge any evidence or testimony that might be introduced against you at trial" when informing Appellant of his right to confront witnesses against him. This language explained Appellant's right to confront witnesses/accusers against him in a reasonably intelligible manner. Appellant reviewed the Felony Plea Agreement, Judicial Advice to Defendant, and Response to the Court with his counsel. Moreover, the trial court engaged in an extensive colloquy discussing the rights that Appellant was waiving as a result of his plea. As a result, this Court finds that the trial court complied with Crim.R. 11(C) and Appellant's plea was made knowingly, intelligently, and voluntarily and the first assignment of error is without merit.

---

[4] See *State v. Clinton,* 6th Dist. No. E-17-069, 2018-Ohio-3509, 2018 WL 4190788, ¶ 13 (stating "although the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey those rights to the defendant"), citing *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621 at ¶ 29.

**{¶14}** Because this Court determined that the Appellant's plea was made knowingly, intelligently, and voluntarily, Appellant's second assignment of error is rendered moot.

> **Second Assignment of Error:  The State intended to use tape-recorded telephone calls that Appellant McKeithen made when he was in custody.  His "one phone call."  The trial court erred when it did not grant McKeithen's motion to suppress the evidence obtained from that [sic] telephone calls.**

**{¶15}** The trial court advised Appellant "by offering to plead guilty, you are giving up your right to appeal any adverse decision that may have been made on any motions in this case; do you understand that?"  (3/8/17 Tr., pp. 13-14).  Appellant responded "[y]es, I do." (3/8/17 Tr., p. 14).  Appellant did in fact waive his rights as discussed in his first assignment of error.  Therefore, his waiver of the right to appeal an adverse decision on any motions made prior to his guilty plea is upheld.

**{¶16}** In addition to the waiver of his right to appeal any adverse motions in his case, the record reveals that Appellant was placed on notice that upon entering the police department, he was subject to video and audio recording.  At the hearing, the officer testified that the sign posted at the East Liverpool Police Department states "<u>WARNING</u> ALL PERSONS WITHIN POLICE DEPARTMENT ARE SUBJECT TO VIDEO AND AUDIO RECORDING."  (8/3/16 Tr., pp. 15-16; State's Ex. 1).  In its entry, the trial court stated "[e]ven if the Defendant was not on sufficient notice, courts have recognized the independent right to monitor and record telephone calls in the interest of institutional security.  No countervailing interest, such as attorney-client privilege, is implicated in this case."  (10/5/16 JE at 17).  Courts have upheld the practice of telephone monitoring on two independent grounds: first, when placed on notice of telephone monitoring, the prisoner does not have a requisite subjective expectation of privacy to incur a Fourth Amendment violation, and second that society is not willing to recognize any such subjective expectation of privacy because the institutional interest in security outweighs the prisoner's privacy rights. *State v. Myers,* 5th Dist. No. 03-CA-61, 2004-Ohio-3052, ¶ 58.  Appellant was locked to a prisoner's bench within the police

department at the time he made the telephone calls. (8/16/16 Tr., p. 55). Further, the police department warns all persons with the posted sign that upon entering the premises they are subject to video and audio recording. (8/16/16 Tr., p. 16). The trial court was correct in holding that "Defendant had at least constructive notice [of the warning of video and audio recording] sufficient to eliminate any reasonable expectation of privacy in the phone calls." (10/5/16 JE at 16).

{¶17} Thus, based on all of the above, the Appellant's first and second assignments of error are without merit. Therefore, the judgment of the trial court is affirmed.

**Donofrio, J., concurs.**

**Robb, J., concurs.**

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**